[No. 6179. Decided July 17, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. STEPHEN BARKER, *Appellant.*[1]

PROSTITUTION—CONNIVANCE—INFORMATION. An information for conniving at the prostitution of defendant's wife sufficiently alleges that defendant knew the character of the house and nature of his act, when it states that he did feloniously connive at, consent to, and permit the placing of his wife in a house of prostitution.

CRIMINAL LAW—TRIAL—WITNESS—MISCONDUCT. It is error requiring a reversal to fail to withdraw the testimony of defendant's wife, or to refuse a new trial, where it appears, after her testimony was given, that while giving her testimony she received secret signals from her attorney employed to defend a prosecution against her, claimed to have been given to prevent her from incriminating herself; as objections or suggestions as to such point should have been made openly and with the consent of the court.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 2, 1906, upon a trial and conviction of the crime of conniving at the prostitution of defendant's wife. Reversed.

*James H. Naylor,* for appellant.

*J. W. Hartnett,* for respondent.

1Reported in 86 Pac. 387.

Root, J.—Appellant was charged with the crime of conniving at the prostitution of his wife, she being the prosecuting witness. At the time of the trial she had been informed against by the prosecuting attorney upon a charge of assault with intent to commit murder, having, it was alleged, made an attempt to kill defendant. She had retained the services of an attorney to conduct her defense. On the trial of defendant, this attorney was in the court room, but had no proper connection with the conduct of the trial. While the prosecuting witness was upon the witness stand, said attorney was observed to be making signals to her by movements of the head, expressions of the face, and by motions of a lead pencil which he carried in his hand. Neither the prosecuting attorney nor the defendant's attorney noticed any of these signals, and neither of them were aware of their being made until subsequently informed, said information being given them before the close of the trial. Three or four attorneys, not engaged in the trial but who were sitting within the bar, were called to the witness stand and testified that they had seen said attorney giving said signals, and that the prosecuting witness appeared to give answers to questions propounded in accordance with the apparent meaning and direction of said signals.

The prosecuting witness and her said attorney each went upon the stand thereafter and admitted that signals were made by said attorney, and that the prosecuting witness observed the directions conveyed by means of said signals. But both claimed that the giving and receiving of said signals was solely for the purpose of protecting said prosecuting witness against answering questions which might tend to incriminate her. The trial was proceeded with and a verdict of guilty returned against the defendant. From the judgment entered thereupon, this appeal is taken.

Several errors are assigned, but most of them refer to matters that will probably not occur upon a retrial of this

case, which we think will be necessary for reasons hereinafter set forth.

One error assigned is upon the action of the trial court in overruling the demurrer to the information. It is urged that the information was defective for the reason that it did not state that the defendant knew the character of the house where his wife was staying. The information charges that the defendant "did then and there unlawfully and feloniously connive at, consent to and permit the placing and leaving of one Maggie Barker in a house of prostitution; she, the said Maggie Barker being then and there the lawful wife of said Stephen Barker." We think a proper and legitimate inference flows from this language to the effect that he knew the character of the house and the nature of his act in the premises. The demurrer was properly overruled.

Upon the question of the refusal of the court to withdraw the evidence of the prosecuting witness from the consideration of the jury on account of the transactions hereinbefore referred to as to the giving of signals, we are of opinion that the court should have done this. Doubtless the prosecuting witness was entitled to have the benefit of counsel, and it would have been proper for her attorney to have interposed suitable and timely objections to any question which might tend to incriminate her. But any such objections or suggestions to her should have been given openly and with the knowledge and consent of the court. As it was, the attorney by means of his signals conveyed to her information as to which neither the court nor jury had any knowledge. How far her evidence may have been changed by reason of the giving and receiving of these signals, it is impossible to know. The exact significance and effect of the same were known only to themselves. On account of the incident referred to, we think the defendant's constitutional right to a fair trial was infringed. Not only would it be an injustice for a defendant to be convicted on evidence of this character, but to allow a verdict thereupon to stand in a case where such a pro-

ceeding had transpired would tend to bring the administration of the law into disrepute and to undermine that confidence in the courts which is essential to the maintenance of law and order and the highest welfare of the state.

The judgment of the honorable superior court is reversed, and the cause remanded for a new trial.

MOUNT, C. J., CROW, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.