STATE of Missouri, Respondent,

v.

Howard YOUNG, Appellant.

No. 56364.

Supreme Court of Missouri, Division No. 2.

March 13, 1972.

John C. Danforth, Atty. Gen., Leland B. Curtis, Asst. Atty. Gen., Jefferson City, for respondent.

John J. Donnelly, St. Louis, for appellant.

GERALD M. SMITH, Special Judge.

Howard Young was tried and convicted of rape by the court in a jury waived case. The court further found that defendant had one prior conviction and imposed sentence of ten years. Defendant appeals.

Defendant is blind and approximately fifty-five. The victim was eleven. The girl had gone to defendant's apartment to do household chores accompanied by two girls approximately her age. Her two friends pretended to leave, but unbeknownst to both defendant and the victim, remained in the apartment and witnessed the act resulting in the conviction. The victim and one of her friends testified and their testimony clearly established all the elements of the offense. Defendant denied that the girl was in his apartment at the time or that he had sexual relations with her.

On appeal defendant asserts three errors: (1) the victim should not have been permitted to testify because she lacked the capacity to testify; (2) the court should have declared a mistrial and disqualified itself after receipt of "improper and inflammatory evidence"; and (3) the court should have granted a mistrial because of discrepancies between the victim's testimony in deposition and at trial.

By statute a child under ten years of age is presumed incompetent to testify and a child over ten is prima facie a competent witness. Section 491.060 RSMo 1969, V.A.M.S. State v. Statler, Mo., 331 S.W.2d 526[3, 4]. Both presumptions are rebuttable, and to a large degree the determination of competency is left to the discretion of the trial court. The test of competency of a child involves four fundamental elements, each of which should be present to find competence. They are: (1) present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observation. Burnam v. Chicago Great Western R. Co., 340 Mo. 25, 100 S.W.2d 858[1–3]; State v. Statler, *supra* [3, 4]; State v. Starks, Mo., 472 S.W.2d 407.

Although the victim admitted she did not know the meaning of an oath, she testified at two different times she knew what it is to tell the truth. She also knew what a lie is and that if you tell a lie "you get a whooping." Her testimony on deposition that she did not know what it meant to tell the truth or what a lie is does not preclude her testimony if at the time of trial the trial court is convinced she then knows the difference. State v. Belknap, Mo., 221 S.W. 39[7]; Burnam v. Chicago Great Western R. Co., *supra* [4, 5].

It may be conceded that in some respects the victim's testimony was ambiguous and at times inconsistent. It may also be conceded that she appears to be of less than normal intelligence and considerably behind her age group in school. The testimony does not warrant the conclusion, however, that she was incapable of just impressions of the facts as in State v. Jones, 360 Mo. 723, 230 S.W.2d 678. She testified to many facts concerning her family, her school, her trips to the store for her mother and her attendance at church by herself. Her testimony concerning the act upon which prosecution was based was consistent throughout, detailed, and explicit. In its important particulars the testimony was given without leading or suggestive questions preceding it. It was also fully corroborated by an eyewitness.

■ The areas of inconsistency were almost entirely in collateral areas or at times when she was embarrassed or as she put it "scared." It is obvious, even from a cold transcript, that the occurrence made a deep impression upon the victim. In view of the act involved and the girl's age such impression is to be expected and may be taken into account in considering whether requirements, 2, 3 and 4 have been met. Burnam v. Chicago Great Western R. Co., *supra* [1–3]; Hildreth v. Key, Mo.App., 341 S.W.2d 601[21]. The court had ample opportunity to observe the witness, and withheld ruling on her capacity until all her testimony was given and it had read her deposition. We are unable to find that it abused its discretion in holding the witness qualified to testify.

■ Defendant asserts that the court should have conducted its own oral examination of the witness, relying on language in State v. Statler, Mo., 331 S.W.2d 526[3, 4]; that, "In each case the trial judge is to determine by appropriate questions the competency of the child offered as a witness. . . ." This does not require the judge to ask the questions, if the appropriate questions to determine capacity have been posed by counsel, particularly in a court-tried case as here. The appropriate questions were asked.

Defendant contends the court should have directed a verdict of acquittal. The sole basis for this contention is the lack of capacity of the victim to testify. Having concluded that she was competent and that her testimony could be considered it is clear that there was ample evidence to support a conviction.

■ At two points in the trial witnesses stated that, when they went to defendant's apartment a week after the act charged to confront him, they observed one of the victim's friends buttoning her blouse. These statements were totally unresponsive to the question posed. On the first occasion, after objection, the answer was stricken but a mistrial was denied. On the second occurrence objection was sustained but no mistrial requested. In denying the mistrial the court denied the answers had implications which would adversely affect him. A mistrial is a serious remedy and its granting is largely within the discretion of the trial court. Every error does not require the granting of a mistrial. State v. Smith, Mo., 431 S.W.2d 74 [21–24]. Our civil rules recognize that in a court-tried case the trial judge may allow inadmissible evidence to be presented. Civil Rule 73.01(a), V.A.M.R. This is based upon the assumption that the trial judge, by virtue of his experience and training will be able to make his decision solely upon the admissible competent evidence. We cannot presume from the record here that this evidence inflamed the trial court so much that the drastic remedy of mistrial should be invoked, or that the court abused its discretion in refusing a mistrial.

■ As to the contention that a mistrial should have been granted because of inconsistencies between the victim's testimony in deposition and at trial, there was no substantial discrepancy as to the act upon which the prosecution was based. No continuance was requested. The only specific ground of surprise raised was that the victim evidenced a lack of competency to testify at deposition and at trial demonstrated her competency. In this case if defendant felt his preparation for trial had been denied he should have moved for a continuance under Rule 25.08. The drastic remedy of mistrial was not required.

Judgment affirmed.

All of the Judges concur.