**STATE of Missouri, Respondent,**

v.

**Cletus HASTINGS, Appellant.**

No. 56835.

Supreme Court of Missouri, Division No. 2.

March 13, 1972.

**110**

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Milton Suffian and Marvin Q. Silver, St. Louis, for appellant.

HOUSER, Commissioner.

Cletus Hastings has appealed from a judgment of conviction of molesting a minor, § 563.160, V.A.M.S., upon trial by jury, and a sentence of 3 years' imprisonment under the Second Offender Act.

The only witness testifying to facts incriminating appellant was R—— S—— S——, a female child aged 7 years and 11 months at date of trial. Before she testified the court conducted a preliminary examination out of the hearing of the jury to determine her competence to testify. At the conclusion of the examination the court found the child "to be an intelligent little girl, she understands the seriousness of her oath, and is competent to testify." Appellant's trial attorney responded, "To which I'm going to object at the present time." The prosecuting attorney stated that RSS would be the State's first witness and the trial of the case commenced, in the hearing of the jury. No objection was made to RSS's competence to testify, as the trial began, and no motion to strike was made at the conclusion of her testimony. The only reference to her competence as a witness appearing in appellant's motion for new trial was paragraph 6: "* * * the Court erred in allowing RS to testify as she was not old enough to know what an oath is and because she had been coached by her mother." No testimony was introduced at the hearing of the motion for new trial.

Appellant relies upon nine points, separately stated in his brief, but consolidated into two major issues for purposes of argument. The multiple points, basically interrelated, may be covered by considering these two issues.

The first major issue is whether the court erred in permitting RSS to testify; whether the court abused its discretion in ruling that she was a competent witness.

Before reaching that issue we consider the question raised by the State whether appellant has properly preserved this question for appellate review in view of the generality of appellant's counsel's objection when the court ruled RSS competent to testify, and the lack of specificity of the assignment of error in the motion for new trial. The Attorney General cites Hildreth v. Key, Mo.App., 341 S.W.2d 601, 608–613, for the proposition that if no proper objection to the competency of an infant to testify as a witness is made in the trial court such objection may not be made for the first time on appeal; that when testimony is challenged in the trial court on one specific ground no additional ground shall be considered on appeal, and that a trial judge may not be convicted of error in overruling an objection on a ground not brought to his attention at the time.

■ We conclude that appellant's counsel's statement, "To which I'm going to object at the present time," without stating any reason, was insufficient to raise any question for appellate review; that counsel's failure to object when the child was offered as a witness when the trial started before the jury constituted a waiver of any objection appellant may have had to the child's competence to testify, and that counsel's unsupported assignment in the motion for new trial that RSS was "not old enough to know what an oath is" was insufficient to preserve for appellate review the propriety of the court's determination of the competence of the witness to testify.

■ In such a determination the fundamental elements are (1) present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made, and (4) capacity truly to translate into words the memory of such observation. State v.

Jones, 360 Mo. 723, 230 S.W.2d 678, 680; State v. Tillett, Mo.Sup., 233 S.W.2d 690; State v. Young, Mo.Sup., 477 S.W.2d 114 (handed down concurrently herewith). No objection incorporating any of these factors was made prior to the admission of the child's testimony. It is elementary that "the admission of evidence which has not been properly objected to in the trial court will not be reviewed by the appellate court * * *," 4 C.J.S. Appeal & Error § 290, p. 862 (citing 77 Missouri cases in footnote 49 on page 864 and 18 Missouri cases in the cumulative pocket part). "If there has been no objection in the trial court to the competency [citing Missouri cases] or to the qualification [citing Missouri cases] of a witness, none may be interposed on appeal." Hildreth v. Key, supra, 341 S.W.2d l. c. 613 [22].

■ Counsel's statement "To which I'm going to object at the present time," made at the conclusion of the preliminary examination, was too general to present anything for appellate review under the hornbook rule that "an objection to the admission of evidence must, in order to present any question for consideration on appeal, specifically state the grounds or reasons which render the evidence inadmissible, the objection otherwise being waived, even though an exception is noted to the admission of the evidence." 4 C.J.S. Appeal & Error § 290, pp. 879–880 [see numerous Missouri cases cited in footnote 93, p. 879 and in the cumulative pocket part; also 2A Mo.Dig. Appeal & Error Keynote ☞231(7)]. Counsel's statement suggested no reason why RSS was not competent to testify.

■ The new trial assignment that RSS was "not old enough to know what an oath is" was not an objection made at the trial, and this particular assignment was not pursued in appellant's brief on appeal. Furthermore, the assignment was without merit, for there is no precise age at which a child may be considered a competent witness. State v. Groves, Mo.Sup., 295 S.W.

2d 169. In Hildreth v. Key, supra, a ruling that a child aged 4 years and 7 months at time of trial had sufficient understanding of an obligation to speak the truth was held not to constitute an abuse of discretion.

■ Concerned that this technical ruling, which disposes of the first major issue adversely to appellant, not operate to the prejudice of appellant we have reviewed all of the testimony given by RSS at the preliminary examination and at the trial proper (both of which testimonies may be considered in assessing a witness' competence to testify, State v. Tillett, supra, 233 S.W.2d 1. c. 693). These testimonies reveal ample basis for a finding by the trial court that the four fundamental requirements listed above were met and satisfied and for appellate determination that there was no abuse of discretion in permitting the girl to testify.[1]

The other major issue for our determination is whether the court erred in permitting the prosecuting attorney to cross-examine appellant's character witnesses by asking them whether their favorable testimony with reference to appellant's reputation would be the same if the witnesses knew that appellant had been convicted of a felony and served time in the penitentiary.

The first two witnesses offered by appellant were character witnesses. Because they were businessmen appellant's counsel asked leave to use them out of turn. The prosecuting attorney asked appellant's counsel whether he was going to put appellant on the stand, to which he answered, "Sure I'm going to put the Defendant on." The prosecuting attorney objected to calling the character witnesses out of turn on the ground that the defendant had a prior conviction, which the State could show if defendant took the stand, but if the character witnesses were called before defendant took the stand the State would not be able to question the character witnesses as to their knowledge of prior convictions. The court ruled that the character witnesses could be put on out of turn, and that the State would have the right on cross-examination to ask them whether their opinion would be the same if they knew of the prior convictions. The two character witnesses, called, testified that appellant's general reputation for good morals and good character was good. The prosecuting attorney asked the first character witness whether his opinion of the defendant would be the same if he knew he had been convicted of a felony. Counsel for appellant objected on the ground that it is improper to cross-examine witnesses testifying to general reputation by asking about particular incidents. Overruled, counsel asked that the jury be discharged, which request was denied. The court then asked the question, "If you knew that the defendant had been previously convicted of a felony, was imprisoned in the penitentiary, would your answer to his good reputation be the same?" Another objection was overruled and the witness answered, "Well, it's difficult to say, Your Honor." Counsel again asked that the jury be discharged. The prosecuting attorney asked the second character witness this question: "Would your opinion of the defendant still be the same if you knew the defendant had been

---

1. Section 491.060, V.A.M.S. provides that: "The following persons shall be incompetent to testify: * * * (2) A child under ten years of age, who appears incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly; * * *." This section precludes any presumption that an infant under age 10 is capable of receiving just impressions of facts or of relating them truly, and it is the duty of the trial court to determine whether such a child is competent before permitting the child to testify. The decision of the trial judge, when based on sufficient examination and observation of the child as to competency, can only be set aside where the court has abused its discretion. State v. Groves, supra, 295 S.W.2d 1. c. 172 [2–4]; State v. Young, supra. The rules and decided cases on this subject are carefully stated and exhaustively treated in Hildreth v. Key, supra.

convicted of a felony and has served time in the penitentiary?" An objection on the grounds previously stated was overruled and the witness stated, "If I thought he'd been convicted and been in the penitentiary I'd change my mind." Subsequently the defendant took the stand and on cross-examination admitted that he had been convicted of the crime of breaking and entering, in 1945.

■ Appellant argues that it was error to permit the State to elicit the previous conviction and imprisonment at a time in the trial when he had not waived any of his rights, "thereby forcing defendant to take the witness stand where the State could again bring forth evidence of this conviction on cross-examination to affect defendant's credibility." This argument has no merit. Appellant was not forced to take the stand, and this was not the reason he took the stand. From the beginning it had been the intention of appellant's counsel to put appellant on the stand, as counsel clearly stated before any witness for the defense was called. On the last page of appellant's brief he concedes that "he had contemplated testifying in his own behalf." Furthermore, the character witnesses having been called and having testified out of turn *at appellant's instance and request,* to accommodate these witnesses, appellant is in no position to complain about the change in orderly procedure.

■ Appellant argues that the State, having made no effort to identify the particular conviction as to nature and date, was *making simply nebulous inquiries.* While cross-examination of character witnesses by the State touching their knowledge of prior convictions "ought to be done *in good faith, and the crimes inquired about ought not to be apocryphal, existing alone in the fertile fancy of a public prosecutor,"* State v. Willard, Mo.Sup., 192 S. W. 437, 440, there is nothing in this case to impeach the good faith of the prosecuting attorney; nothing nebulous, fictitious or imaginative about appellant's previous conviction, which was charged in the information and proved to the satisfaction of the circuit judge in the preliminary examination held under the Second Offender Act, after introduction of certified copies of records from the State of Michigan.

Appellant objects that the sole purpose of the questions asked the character witnesses about appellant's prior conviction was to inform the jury of his prior conviction, citing State v. Carroll, Mo.Sup., 188 S.W.2d 22, for the proposition that it is improper "to ask the questions merely for the purpose of improperly showing other crimes." 188 S.W. 2d 1. c. 24. There is nothing to indicate that the purpose of the prosecuting attorney was anything other than to test the good faith of the witnesses and their knowledge of appellant's reputation.

■ Appellant complains that the alleged prior conviction occurred more than 25 years ago and argues that it is improper to cross-examine a character witness as to remote or ancient charges, particularly when defendant's evidence of good reputation has been confined to a time reasonably coterminous with the offense for which he is on trial, unless the bad acts and events in defendant's life are shown to be linked together in point of time so as to leave no sufficient time for repentance. This suggestion, uttered by way of obiter dictum, appears in State v. Willard, supra, and is repeated in State v. Carroll, supra. But, as stated in the Carroll case, the cross-examination must be considered in connection with what the character witness testified to on direct. In Carroll the witness on direct examination vouched for Carroll's reputation over a 25-year period and therefore it could not be said that the cross-examination went beyond what was already before the jury by defendant's own evidence on direct. Similarly, in this case appellant elicited on direct examination of character witness Harris that he had known appellant all his life, and knew appellant's friends and associates

and the people of the community "all that time up to the present time." Since appellant's own evidence was not confined to the time of the commission of the crime on trial but purported to cover the whole period of the witness' acquaintance with appellant up to the time of trial the State was not required to conform to the suggestion in State v. Willard and State v. Carroll. State v. Carson, Mo.App., 239 S.W.2d 532, 536 [8]. Character witness Sparks testified on direct examination that he had known appellant about 10 years and vouched for his general reputation for good morals and good character during that period. On cross-examination he confined his opinion to appellant's reputation in another part of the community at a time period three or four years previously. Reversible error was not committed in permitting either of these witnesses to be cross-examined with respect to the prior conviction under the broad discretion accorded to a trial court in such a situation. Thus in the murder trial of McCoy it was held within the discretion of the trial judge to permit the State, on cross-examination of character witnesses, to ask if their opinion would be the same if they were to consider former arrests or convictions for burglary, petty stealing, carrying concealed weapons, and robbery. State v. McCoy, Mo.Sup., 458 S.W.2d 356, 359 [2]. The reason such cross-examination is permitted is that it tests the trustworthiness, knowledge and good faith of the witness. State v. Livers, Mo.Sup., 340 S.W.2d 21, 26 [6]; State v. Meller, Mo.Sup., 387 S.W.2d 515. Furthermore, the cross-examination of the character witnesses could not have prejudiced appellant in the eyes of the jury since he freely admitted that he had been previously convicted. State v. Curry, Mo. Sup., 372 S.W.2d 1, 8.

The judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.