STATE of Missouri, Respondent,

v.

L. C. ROBERTSON, Appellant.

No. 55602.

Supreme Court of Missouri,
Division No. 2.

June 12, 1972.

**846**

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Frank Anzalone, Brent J. Williams, Clayton, for appellant.

STOCKARD, Commissioner.

L. C. Robertson was found guilty by a jury of manslaughter and sentenced to imprisonment for a term of ten years. We affirm.

The sufficiency of the evidence to sustain the conviction is not challenged. A jury reasonably could find that on December 7, 1969, appellant inflicted fatal wounds upon his wife by use of a butcher knife.

Appellant's first point is that the trial court erred in permitting the testimony of Demmetrist Perryman, the son of the deceased, because "there was no showing on voir dire that [he] understood the nature of the oath administered in courts of law and the true nature of the results of not telling the truth under oath."

At a hearing out of the presence and hearing of the jury, Demmetrist testified that he was nine years of age and in the fourth grade at school. He stated that he remembered what occurred when his mother was killed, that he would tell the truth, and when one did not tell the truth it would be a lie. He also testified that if one told a lie he would "get put in jail," that he believed in God, and that if he told a lie God would punish him.

■ The determination of the competency of a witness is a matter within the sound discretion of the trial court, State v. Jones, 360 Mo. 723, 230 S.W.2d 678; State v. Hastings, Mo., 477 S.W.2d 108, and in reviewing the determination of the trial court on the issue of an abuse of discretion an appellate court may look to the preliminary examination of the child and also to his testimony at the trial. State v. Hastings, supra. In the determination of the competency of a witness when challenged because of age, "the fundamental elements are (1) present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register

such occurrence; (3) memory sufficient to retain an independent recollection of the observations made, and (4) capacity truly to translate into words the memory of such observation."

■ We have read the testimony of Demmetrist given at the preliminary hearing and at trial. It was straightforward and the answers were responsive. In view of our review of his testimony and the answers given by Demmetrist as to his belief in God and the punishment to be expected for telling a lie, we conclude that the trial court did not err to the prejudice of appellant in permitting him to be sworn and testify as a witness for the State.

Appellant's second and last point is that the trial court erred in denying his motion for a new trial because "Demmetrist Perryman * * * was being 'coached' during his testimony."

At a hearing on the motion for new trial, Irma Jean Robertson, appellant's daughter, testified that "Demmetrist was asked if he ever saw his mother with a knife after his daddy and [his grandmother] shook her head this way, and Demmetrist said no." She also stated the grandmother shook her head several times, but on cross-examination she stated that the above question was the only one she remembered where the grandmother shook her head. The trial judge commented that he was "always watching the people" in the courtroom, and that "some people subconsciously move their heads one way or another as to which way they want a question answered or not." He further commented that he remembered the grandmother and where she was sitting, and that

he "did not observe any of this going on." Neither the grandmother nor Demmetrist testified at the hearing on the motion for new trial.

Appellant relies primarily on State v. Barker, 43 Wash. 69, 86 P. 387, but that case is distinguishable. There it was admitted that a communication system existed between counsel and the witness. In this case the testimony of "coaching" is not convincing; at least it was not to the trial court, and Irma Jean did not report it at the time to her father's counsel or to the court, and made no mention of it until after the trial had been completed.

■ The granting of a mistrial because of the conduct of a witness or spectator during the course of a trial is within the sound discretion of the trial court, State v. Anderson, Mo., 386 S.W.2d 225, and such discretion would also apply to a situation such as we have here, assuming that the trial court gave some credence to the testimony of Irma Jean. Also, there was no attempt to show that the answer of Demmetrist was incorrect, and if the answer given by Demmetrist was truthful no prejudice to appellant could have resulted. It cannot be ruled as a matter of law that the trial court abused its discretion in overruling the motion for new trial.

The judgment is affirmed.

HOUSER, C., not sitting.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.