STATE of Missouri, Respondent,

v.

John T. OBIE, Appellant.

No. KCD 26572.

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

William B. Bunch, Public Defender, Sixteenth Judicial Circuit, Kansas City, Paul R. Katz, Asst. Public Defender, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM:

This is a direct appeal from a verdict and judgment of guilty of burglary, second

degree, and stealing, Section 560.110, RSMo 1969, V.A.M.S.

On the morning of November 17, 1970, Nathaniel Revoal was the last member of his family to leave the home. Before departing Mr. Revoal followed his usual practice of securing all windows and doors. Later that morning he received a phone call at his place of business informing him that his house had been broken into, and that the police were then investigating the occurrence. Arriving home, Mr. Revoal found a basement window broken, a side door open, a record player on the sidewalk, and their color television set missing. Defendant was arrested a short distance from the scene.

Crucial to the state's case was the testimony of eleven year old Arthur Weaver, a participant in the burglary. After taking the stand on behalf of the state, Arthur was asked a series of preliminary questions concerning his age, his understanding of the oath he took, his address, the persons with whom he lived, and his school and grade. Following this, he proceeded to relate the events leading up to and including the burglary. It appears that defendant's role was to drive Arthur and two other participants to and from the scene of the crime. Thus, after depositing Arthur and the others some distance from the Revoal house, defendant then waited for their return. Their return, and undetected consummation of the crime, however, were "foiled" in that a previously summoned police officer spotted Arthur setting down the Revoal television behind the parked car occupied by defendant. Thereafter, defendant and the others were placed under arrest.

■ The sole question presented on appeal is the correctness of the trial court's ruling that Arthur was a competent witness. At the outset it should be noted that a child over ten is prima facie competent. Section 491.060, RSMo 1969, V.A.M.S.; State v. Statler, 331 S.W.2d 526, 528 (Mo. 1960), and State v. Young, 477 S.W.2d 114,

116 (Mo.1972). Further, the burden rested on defendant to prove Arthur's incompetence, State v. Crawford, 478 S.W.2d 314, 319 (Mo.1972), and the trial court's determination that Arthur was a competent witness will not be disturbed absent a clear abuse of discretion. State v. Headley, 224 Mo. 177, 123 S.W. 577, 581 (1909); State v. Parton, 487 S.W.2d 523, 526 (Mo.1972), and State v. Young, supra.

■ First, defendant asserts that the preliminary examination of Arthur, in the presence of the jury, to determine his competency, was improper. However, he made no objection to the complained of procedure at the trial, nor did he allege such to be error in his motion for new trial. Consequently, this point has not been properly preserved, and appellate review of same is precluded. Rule 27.20(a), V.A.M.R.; State v. Franklin, 448 S.W.2d 583, 584 (Mo.1970).

Determination of Arthur's competency as a witness is aided by a long line of cases espousing the test to be applied in making the required determination. In Burnam v. Chicago Great Western R. Co., 340 Mo. 25, 100 S.W.2d 858, 862 (Mo.1936), the applicable test is stated as follows:

"(1) 'Present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observation.' 5 Jones' Commentaries on Evidence, Sec. 2106, p. 3954."

See also, State v. Parton, supra, and State v. Crawford, supra.

Next, defendant asserts that elements one (1) and three (3) above were not satisfied.

■ Regarding the first (1) element of the Burnam test, defendant draws attention to two instances of allegedly false testimo-

ny given by Arthur (predicated upon discrepancies between Arthur's testimony at defendant's preliminary hearing and that given during the trial), and contends they evidence a lack of understanding of the oath taken by him. Additionally, defendant draws attention to the fact that Arthur's testimony was lacking in clarity respecting the presence of defendant at the planning stage of the burglary. As to the latter, the record supports the conclusion that the lack of clarity was due to faulty communication rather than perjured testimony. As to the former, even though Arthur's testimony at the trial was contradictory to his testimony at defendant's preliminary hearing in the respects complained of, the complained of discrepancies fall short of compelling an unequivocal conclusion that Arthur did not understand, or lacked intelligence to understand, that he had "an obligation to speak the truth". Arthur's competency as a witness was dependent upon his "capacity". State v. Headley, 224 Mo. 177, 123 S.W. 577, 581 (Mo.1909). More specifically, the first (1) element of the *Burnam* test is directed to Arthur's ability to "understand" that he had an "obligation" to speak truthfully. Arthur's contradictory testimony presents more of a question of credibility than unequivocal proof of his ability or capacity to understand the solemnity of the oath he took. The balance tips against defendant since Arthur testified that he did understand the meaning of the oath, and the inevitable consequences of not speaking the truth. It is clear that the trial court in this respect did not abuse its discretion in overruling defendant's objection to Arthur's competency as a witness.

Regarding the third (3) element of the *Burnam* test, defendant asserts the scope of the preliminary examination to determine the sufficiency of Arthur's memory to retain an independent recollection of the events was insufficient, thereby casting a cloud of suspicion over all of Arthur's testimony. Appellate consideration in this respect is not limited to the questions asked and the answers thereto elicited during the preliminary examination to determine Arthur's competency. The whole of Arthur's testimony is to be considered in conjunction therewith. State v. Young, 477 S.W.2d 114, 116, 117 (Mo.1972); State v. Crawford, 478 S.W.2d 314, 319 (Mo. 1972), and State v. Statler, 331 S.W.2d 526, 528, 529 (Mo.1960). In so doing, Arthur's testimony is found to be both detailed and totally consistent with that of the other witnesses and the physical facts. The record falls short of proving Arthur's recollection was faulty, and, indeed, Arthur's testimony compares favorably with that approved in State v. Parton, 487 S. W.2d 523 (Mo.1972) which involved similar preliminary questions and that approved in State v. Young, supra which placed particular reliance on the consistency and detail of the witness' testimony.

No abuse of discretion appearing, the judgment is affirmed.

All concur.