STATE of Missouri, Plaintiff-Respondent,

v.

Ernest E. WATSON,
Defendant-Appellant.

No. 37106.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 6, 1976.

James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas Rost, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

The defendant was found guilty of child molestation by a jury and sentenced to two years imprisonment. Defendant appeals claiming that the court erred in finding the victim, age 5, to be a competent witness and permitting her to testify, § 491.060(2), RSMo 1969. We disagree and affirm the judgment.

Both Janice Evans and her father testified that defendant kneeled and placed his hand into Janice's pants. Although defendant admits that he offered Janice a dime in exchange for a hug as testified to by Janice, he denies placing his hand into her pants. The dime that he gave Janice was turned over to the police.

Section 491.060(2) was enacted to protect an accused from testimony by a child of tender age who may have lacked the mental

capacity to observe an event and later truthfully and accurately relate what, in fact, was observed. In *State v. Jones*, 360 Mo. 723, 230 S.W.2d 678 (1950), our Supreme Court quoted with approval the test set forth in *Burnam v. Chicago Great Western R. Co.*, 340 Mo. 25, 100 S.W.2d 858 (1936). The test given to determine the competency of a child of tender age was (1) present understanding of or intelligence to understand, on instructions, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question to truly observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observations.

■ Each case must be determined upon its own facts. And the determination of competency reposes in the discretion of the trial court and its discretion is not open to review unless there is a clear abuse. *State v. Headley*, 224 Mo. 177, 123 S.W. 577 (1909).

■ Before reaching the issue tendered by defendant, we consider the question raised by the state as to what issues have been properly preserved for appellate review. First, we note that at the hearing on competency prior to trial, defendant's specific objection was based on Janice's lack of "an independent recollection of the events that took place on January 18" and on her lack of understanding of the obligation to tell the truth. At trial, defendant's specific objection was based upon the single ground that "she had no understanding of the significance" of the oath. It was not until the filing of the new trial motion that defendant objected to competency of the witness on the basis of the four pronged test set out in the *Burnam* case, as approved by the court in *State v. Jones*, supra. A party may not alter or broaden on appeal the scope of his trial objection, *State v. Atkins*, 494 S.W.2d 317, 319 (Mo.1973); therefore, since defendant's sole objection at trial was limited to Janice's understanding of the oath and the obligation to speak the truth, we hold that is the only question preserved for our consideration. See *Hildreth v. Key*, 341 S.W.2d 601, 608–613 (Mo.App.1960) where the appellate court held that a trial judge may not be convicted of error in overruling an objection on a theory or ground not brought to his attention at the time.

■■ In reviewing the trial court's determination of competency for abuse, we look to all the testimony given at the preliminary examination and the trial testimony. *State v. Hastings*, 477 S.W.2d 108, 112 (Mo.1972) and *State v. Tillett*, 233 S.W.2d 690, 693 (Mo.1950). Here, at the pretrial hearing, counsel and the court had an opportunity to question Janice, and the court had an opportunity to consider her demeanor on the stand. Janice knew her age and grade in school, the name of her school and her method of transportation, the names of her brothers and sisters and the age of her younger sister, and her address and telephone number. Janice stated that she knew the difference between right and wrong. She also stated that she knew what a lie was, that it was "bad" to lie, and that the consequence of telling a lie was punishment.

Granted, Janice testified that she did not know what it means to take an oath, but the cases do not hold this to be the sole determinative factor where there are other indications that the witness possesses an understanding of the obligation to tell the truth. *State v. Robertson*, 480 S.W.2d 845, 847 (Mo.1972) and *State v. Young*, 477 S.W.2d 114, 116 (Mo.1972).

We have examined *State v. Jackson*, 318 Mo. 1149, 2 S.W.2d 758 (Mo.1928); *State v. Jones*, supra, and *State v. McCrackin*, 162 S.W.2d 853 (Mo.1942) and find each to be inapposite. In *Jackson*, the court found the child to be "appallingly ignorant." In *Jones*, the court found the testimony of the five year old child to be totally inconsistent with the physical facts. In *McCrackin*, the case was reversed not for abuse of discretion by the trial court, but because the testimony of the witness, a fifteen year old girl who was mentally subnormal, was so inconsistent and inconclusive as to be use-

less and possibly misleading. On the other hand, in the instant case the trial judge saw and heard Janice, described her as intelligent, and stated that he was impressed with her demeanor and her basic honesty. But even more important, Janice's father, who observed the occurrence, corroborated Janice's testimony fully as to the transaction. And even defendant's testimony differed from Janice's only as to whether he had inserted his hand into her pants.

Consequently, since the court had the opportunity to see and hear the witness and to record for us its impressions of the witness and since the conclusions of the trial court are amply supported by the record, we find no abuse of discretion.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.