**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jarrett WILLIAMS, Defendant-Appellant.**

**No. 37611.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

Robert C. Babione, Public Defender, Mary Louise Moran, Christelle Adelman-Adler, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard G. Poehling, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Appellant, Jarrett Williams, was found guilty of Child Molestation by the court

after waiving trial by jury and was sentenced to two years imprisonment. On appeal, the defendant challenges the court's ruling and finding that the victim, a prosecuting witness who had testified that the appellant had twice inserted his finger into her vagina, was competent to testify.

The trial court twice overruled the appellant's motions challenging the competency of the witness following a preliminary examination to determine the competency of the witness and following her testimony at trial. The victim testified that she was eleven years old and in fifth grade, that she knew what it meant to tell the truth, and that she was taught in Sunday School that people who tell lies get punished. She indicated that while she did not remember how long ago it was since last Christmas or what she did at that time, she did recall the last day of school and what she did then. The victim also testified that she did not know what a crime was or what jail was (although she later stated she knew what it was to be locked up for a crime) and that she did not remember the context of her oath. Some confusion on the victim's part was revealed in that she was uncertain how her panties were removed or how and by whom they were put back on. One piece of the victim's testimony was also contradicted by her nine year old sister who testified that she saw the appellant stick his finger into her sister only once.

■ There is a rebuttable presumption in Missouri that a child over the age of ten is competent to be a witness. § 491.060, RSMo 1969. The burden is on the challenging party to show the trial court clearly abused its discretion in finding the witness competent to testify. *Sate v. Obie*, 501 S.W.2d 513, 514[1] (Mo.App.1973). *See also*, *State v. Young*, 477 S.W.2d 114 (Mo.1972); *State v. Watson*, 536 S.W.2d 59, 60 (Mo. App.1976).

■ Appellant alleges that the trial court abused its discretion because the evidence shows that the witness failed to demonstrate a present understanding of the obligation to tell the truth, and an ability to retain an independent recollection of the observations she made. Although the appellant has pointed out confusion and inconsistency in the witness' testimony, he has not met the burden of showing that the trial court clearly abused its discretion. To find a child witness competent, it is not required that the witness' testimony be totally unambiguous and consistent. *State v. Young, supra; State v. Obie, supra*. It is not necessary that the child understand the term "oath", only that she understands the obligation to give true testimony. *State v. Ball*, 529 S.W.2d 901, 905[5] (Mo.App.1975); *State v. Watson, supra*. A child is said to understand the obligation of telling the truth if she understands that punishment is the consequence of false testimony. *State v. Jackson*, 318 Mo. 1149, 2 S.W.2d 758, 760[2] (1928); *State v. Ball, supra*.

■ Although the victim's testimony was not totally consistent throughout, her testimony was detailed and explicit, and unwavering on the essential elements necessary to prove the charge. As in *State v. Sanders*, 533 S.W.2d 632, 633 (Mo.App.1976), the testimony of the child witness whose competency had been challenged is corroborated in the main, by the testimony of another witness. We cannot say that the inconsistencies and confusion were so extensive that the trial court clearly abused its discretion in finding the witness competent to testify. The inconsistencies in the testimony of C_____ J_____ affect her credibility rather than her competency. *See State v. Obie, supra* 501 S.W.2d at 515[4].

After careful review of the transcript of the proceedings, briefs and authorities, we conclude the judgment of the circuit court overruling appellant's motions challenging the competency of this witness was not erroneous.

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.