**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John Randolph STEWART,
Defendant-Appellant.**

No. 11344.

Missouri Court of Appeals,
Southern District,
Division Three.

March 19, 1980.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Kenneth G. Gibbar, Benton, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of molesting a minor and sentenced to five years imprisonment. He was charged with forcing a 7 year old girl to perform oral sex on him.

Defendant has three claims of error by the trial court: (1) in permitting three children under the age of ten years to testify "when said children have not been properly qualified to testify"; (2) in failing to excuse for cause a prospective juror; and (3) in failing to conduct a proper hearing as to defendant's competency and in finding that defendant was competent to stand trial.

We first consider point one. Section 491.060(2), RSMo 1978, provides that a child under ten years of age is incompetent to testify if "incapable of receiving just impressions of the facts respecting which he is examined, or of relating them truly". The determination of the competency of a witness is a matter within the discretion of the trial court. *State v. Robertson*, 480 S.W.2d 845, 846 (Mo.1972). In reviewing the determination of the trial court, the appellate court may look at the preliminary examination of the child and the testimony at the trial. Id. To determine the competency of such a witness the elements considered are: (1) present understanding of, or intelligence to understand, on instruction, an obligation to speak the truth; (2) sufficient mental capacity at the time of the occurrence to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity to translate into words the memory of such observations. *State v. Sigh*, 579 S.W.2d 657, 658 (Mo.App.1979); *State v. Watson*, 536 S.W.2d 59, 60 (Mo.App.1976). The trial court's discretion is not open to review unless there is clear abuse. *State v. Watson*, supra, 536 S.W.2d at 60.

The trial court held separate hearings on the competency of four children under the age of ten and determined that three were competent to testify. Defendant's only objection was "I object to the three minor witnesses as not being competent to testify." The general objection did not preserve this question for review. Objections to the competency of a minor child must be specifically stated to preserve anything for appellate review. *State v. Hastings*, 477 S.W.2d 108, 111 (Mo.1972). However, our examination of the testimony shows a sufficient basis for the findings by the trial court that the witnesses were competent and there was no abuse of discretion in permitting them to testify. Point one is denied.

Point two contends that the trial court should have excused a prospective juror for cause. When the panel was asked if any of them "have any particular feelings about what is commonly known as insanity and tend to believe it more or disbelieve it more than any other defense", the following occurred:

"Mr. Montgomery [prospective juror]: It would be hard for me to determine just by the facts of the case whether he would be insane or not. It would be one person's word over another, and just by judging from the facts, which we are charged to do, it would be difficult for me not to say that he would be insane. If the evidence to defend he was not insane would be hard to—persuade me that he may not be insane.

Mr. Fuchs [prosecutor]: Okay, but you think if the evidence warranted it that you could go ahead and say that he was sane, or if the evidence warranted it, you could say that he was not competent, based on what you hear from the stand?

Mr. Montgomery: I don't think any evidence that could be presented as to his insanity would convince me one way or the other."

It is within the sound discretion of the trial judge to determine when a challenge for cause should be sustained and his decision should not be reversed unless there is a clear abuse of discretion. *State v. Wraggs*, 512 S.W.2d 257, 259 (Mo.App.1974). The qualifications of the juror must be determined not by a part of what he says, but by his whole examination. Id. All doubt should be resolved in favor of the finding of the trial court because he is in a better position to determine challenges for cause as he observes the demeanor of the venireman. *State v. McGrew*, 534 S.W.2d 549, 551 (Mo.App.1976).

Mr. Montgomery's comments as a whole do not convince us that he was prejudiced in favor of either side. There was an indication that he might favor defendant on the question of insanity. He stated that based on the facts of the charge "it would be difficult for me not to say that he would be insane." Other than what might be inferred from the facts of the occurrence, there was no evidence of insanity. One of the psychiatrists who examined defendant was called as a witness by him and on cross-examination said that defendant was not suffering from mental disease or defect. Even if Mr. Montgomery's feelings regarding insanity could have been prejudicial in a case where there was substantial evidence of mental disease or defect; here, where there was no such evidence, they were not prejudicial. Point two is denied.

We now consider defendant's last point. On the morning of the trial, defendant's counsel asked the court to "conduct its own hearing as to John's competency as to whether or not he suffers from a mental disease or defect" and to consider the psychiatric reports prepared for the court, defendant's conduct in court, and the correspondence which defendant sent to the court. The psychiatric reports found that defendant did not suffer from a mental disease or defect and had the capacity to understand the charges against him and to assist in his own defense. The correspondence sent to the court was not introduced in evidence and is not before us. The judge ordered the trial to proceed but stated that defendant could claim as a defense that he was not guilty by reason of mental disease or defect. We see nothing in the record to

indicate any inability of defendant to assist in his defense. The judge held the type of hearing that defendant's counsel sought. He was requested to consider the psychiatric reports, defendant's correspondence to the court, and defendant's conduct in court. All of this information was previously within the court's knowledge. No witnesses were called or other evidence presented. Nothing in the record conclusively establishes that defendant had any mental disease or defect affecting his ability to proceed to trial. Deference is accorded the trial court in its observations of a defendant's mental capacity to proceed. *State v. Fulsom*, 557 S.W.2d 671, 673 (Mo.App.1977). Defendant's comments and his testimony indicated that he did have the ability to proceed. In addition, as there was no express contest of the psychiatric reports, the court was not obligated to hold a hearing. § 552.020.6, RSMo 1978; *State v. Grant*, 560 S.W.2d 384, 387–388 (Mo.App.1977). The point is denied.

The judgment is affirmed.

All concur.