**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Wayne O'NEAL, Defendant-Appellant.**

No. 12751.

Missouri Court of Appeals, Southern District, Division One.

April 19, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied June 30, 1983.

John D. Ashcroft, Atty. Gen., George W. Cox, III, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James D. McNabb, Public Defender, Springfield, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Charles Wayne O'Neal, was court-tried, after waiver of jury trial, and convicted of two counts of sexual abuse in the first degree. § 566.100.[1]

The statute provides that "[a] person commits the crime of sexual abuse in the first degree if: ... (2) He subjects another person who is less than twelve years old to sexual contact." § 566.100.1(2). Sexual contact is defined as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." § 566.010.1(3).

The trial court found O'Neal to be a persistent offender (prior convictions of second degree murder and child molesta-

---

1. All references to statutes are to RSMo 1978, V.A.M.S.

tion) and sentenced him to consecutive five-year terms. The two counts of the information charged separate acts of sexual abuse inflicted on H____ P____ and R____ Y____, who were six-year-old step-granddaughters of O'Neal.

In his first two points relied on, O'Neal contends that the two little girls were incompetent to testify because they were unable to understand or have the intelligence to understand their obligation to testify truthfully. Children under the age of ten are presumed incompetent to testify as witnesses. § 491.060(2). Responsibility for determining the competency of a child under ten years of age to testify rests with the trial court [*State v. Singh*, 586 S.W.2d 410, 415 (Mo.App.1979)], and his discretion in making such a determination will not be disturbed, absent a showing of clear abuse of that discretion. *State v. Stewart*, 596 S.W.2d 758, 759 (Mo.App.1980). One element of the four-pronged test to determine the competency of a witness is a present understanding of, or intelligence to understand, on instruction, an obligation to speak the truth. *State v. Stewart*, supra, at 759.

On voir dire, H____ P____ knew her name, spelled it properly, knew her ABC's, could count to 20, knew her age, birth date, parents' names, the names and ages of her sisters, and other similar historial information. She said she knew the difference between right and wrong and between telling the truth and lying. She said she would get in trouble if she lied, and that she would tell the truth about the incident in question. R____ Y____ gave similar testimony to that of H____ P____ to demonstrate general intelligence, stated that telling a lie was wrong, and that if she lied she would be punished. She said she would tell the truth.

The ability of the children to relate facts as described above, and their declarations of willingness and intent to tell the truth, were indicative of competence. *State v. Watson*, 536 S.W.2d 59, 60 (Mo. App.1976). The trial court found the two children competent to testify. There is nothing in the record to rebut such finding, or to show any abuse of discretion. Points one and two are denied.

In his third point, O'Neal alleges that the trial court erred in not personally conducting the voir dire examination of the girls to determine their competency, and by leaving such task to the prosecuting attorney and defense counsel. The trial judge is not required to ask the questions, if appropriate questions to determine competency are asked by trial counsel, particularly in a court-tried case. *State v. Young*, 477 S.W.2d 114, 117 (Mo.1972). In this case, appropriate questions were asked by counsel. The point is denied.

O'Neal's fourth point is that the trial court erred by refusing to admit into evidence the results of a polygraph examination given him by a private examiner. Defendant cites no case as authority for his position, and we know of none. In fact, Missouri case law specifically prohibits the use of the results of polygraph examinations as evidence. *State v. Biddle*, 599 S.W.2d 182, 191 (Mo. banc 1980). The point is denied.

Defendant's final point is that there was insufficient evidence to prove the charges because the state failed to prove that O'Neal touched the genitalia, anus, or breast of either little girl. At trial, H____ P____ testified that during a family gathering for a birthday party, O'Neal, whom she called Charley, came into the bedroom where she and R____ Y____ were sleeping, took her into the kitchen, put her on his lap, unzipped his pants and "got out what he goes to the bathroom with", pulled down her gown, and touched her on her "bottom", with "[w]hat Charley went to the bathroom with." She said that "I almost yelled but I got up from his lap and went into Mommy and Daddy's room." Her parents were asleep. The little girl further related that she did not tell her mother about her experience at that time "[b]ecause I was too scared to."

R____ Y____ testified that O'Neal came into the bedroom where she was

sleeping, took her to the kitchen, pulled her panties down, put her on his lap and touched her "bottom" with "[h]is thing . . . [w]hat he went to the bathroom with." It hurt "[p]retty bad", and she "tried not to" cry. The child then went back to bed and went to sleep. O'Neal told her not to tell anybody what had happened. She did not, as she was afraid to. Sometime later, H____ P____ told her aunt, R____ S____, what had happened to her. The aunt told H____ P____'s mother, who then contacted R____ Y____'s mother and the police.

When the sufficiency of evidence is questioned, all reasonable inferences supportive of the verdict that can be drawn from the evidence are considered by the reviewing court. In this connection, it is important to note that the victims were young children and, as such, lacked the technical knowledge to accurately describe parts of their bodies. The testimony of the two children, especially in view of the fact that one child "almost yelled", and the other "tried not to cry" when O'Neal touched their "bottoms" with "the thing he went to the bathroom with", conclusively supports the inference that defendant touched the genitalia or anus for the purpose of arousing or gratifying his sexual desires. To hold otherwise would be an unconscionable denial of the dignity which should be afforded all persons, especially children of such tender years. The fact that the children, in their testimony, used unsophisticated language different from that of the statute to describe that part of their bodies abused by O'Neal is not a fatal variance under the facts here. *Clark v. State,* 558 S.W.2d 887, 889 (Tex.Cr.App.1977). The point is denied.

Judgment affirmed.

FLANIGAN, P.J., and TITUS, J., concur.

CROW, J., recused.