**STATE of Missouri, Respondent,**

v.

**Alphonso RAY, Appellant.**

**No. 55412.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1989.

Application to Transfer Denied
Nov. 14, 1989.

---

Henry B. Robertson, Shari Lewis, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Defendant was found guilty in a jury trial of first degree burglary, § 569.160 RSMo.1986, and deviate sexual assault in the first degree, § 566.070 RSMo.1986. Defendant was sentenced to terms of five and seven years to run concurrently on the respective charges. He appeals. We affirm.

On appeal, defendant claims that the trial court erred in finding that seven year-old Clarence C. was competent to testify. Defendant concedes that it is within the discretion of the trial court to determine whether a child witness is competent, but that the trial court abused this discretion by allowing Clarence to testify.

On December 1, 1987, Tina C., age fifteen, lived with her mother Martha and her brother Clarence in the City of St. Louis. Martha C. left for work at approximately 5:55 a.m., leaving her two children in the apartment. Tina was sleeping in the bedroom she shared with her brother when she was awakened by the defendant, who lived in the apartment directly above the C's, shortly after 6:00 a.m. Defendant covered her mouth and told her that he was going to kill her.

Defendant proceeded to choke Tina, wrestling her to the floor. Defendant put a sheet and a jacket over her face so that she could not see him. At this point, Clarence woke up, turned on the light, and saw the defendant strike his sister. Defendant then ordered Clarence to turn off the light and he did. Defendant then proceeded to choke Tina and Clarence, eventually let Clarence go and told him to go back to bed.

At this point defendant began to sexually molest Tina. He tried to force her to have intercourse with him, but was unsuccessful. As defendant prepared to leave he asked Tina where the money was. She told him that they didn't have any money. Defendant then told Tina that if she had seen

his face that he would have to kill her. She assured him that she hadn't seen his face. Defendant then left through a window, climbing up the fire escape.

■ Defendant's claim on appeal is that Clarence should not have been allowed to testify to the events of December 1, 1987 because he was an incompetent witness. Section 491.060(2) creates a rebuttable presumption that a child under ten years of age is incompetent to testify except as a victim of a sexual offense. For a child under ten years of age to be adjudged competent to testify he must exhibit: (1) present understanding of, or the ability to understand upon instruction, the obligation to speak the truth; (2) the capacity to observe the occurrence about which the testimony is sought; (3) the capacity to remember the occurrence about which testimony is sought; and (4) the capacity to translate the occurrence into words. *State v. Dunn*, 731 S.W.2d 297, 301 (Mo.App.1987). Defendant asserts that Clarence's preliminary examination and trial testimony fail to satisfy parts one and three of the test.

■ Each case of witness competence must be determined upon its own facts. The determination of competency reposes in the trial court, and its discretion is not open to review unless there is clear abuse. *State v. Watson*, 536 S.W.2d 59 (Mo.App. 1976). In reviewing the trial court's determination of competency, we look to all testimony given at both the pretrial examination and trial. *Id.* at 60.

■ At the pretrial examination Clarence was able to show an understanding of the obligation to tell the truth. He stated his full name, that he rode the bus to school, and that he would be going into second grade. Clarence stated that he understood what it meant to be sworn to tell the truth, and that he remembered the events of December 1, 1987. He attended church with his grandmother and he knew it was bad not to tell the truth. After this preliminary examination the court determined that Clarence was responsive and articulate and found him competent to testify.

Defendant contends that Clarence did not understand his obligation to tell the truth and that he lacked memory sufficient to retain an independent recollection of the observations made. Defendant points out that in the pretrial examination Clarence stated that he had never told a lie to his mother, nor had he ever been punished for telling a lie. Defendant also points to the fact that Clarence could not remember the date of his birth. While such statements warrant consideration, they are not conclusive on the issue of whether Clarence was competent to testify. There is adequate testimony to support the court's finding that Clarence understood his obligation to tell the truth and that he had sufficient ability and adequate memory to recount the events of December 1, 1987.

■ Defendant also argues that inconsistencies between the testimony of Clarence and that of his sister "clearly suggest that Clarence lacked memory sufficient to retain an independent recollection of the observations made." Specifically defendant points to Clarence's testimony that the intruder was wearing a jacket and the sister's testimony that the intruder put his jacket over her head; Clarence's statement that he saw defendant through the bathroom window as he was leaving and the sister's testimony that there was a curtain on the bathroom window and that Clarence was not in the bathroom at that time. Assuming the testimony of the two witnesses is inconsistent, although the record is not clear that what defendant describes as discrepancies do not simply relate to different times, such inconsistency is not destructive. Defendant relies upon *State v. Jones*, 360 Mo. 723, 230 S.W.2d 678 (1950) in which the court held a five year-old girl incompetent as a witness, in part, because her testimony was contradicted by physical facts. *Jones* is easily distinguishable from the instant case. In *Jones* the child's testimony was so inconsistent with the locations of buildings and fixed objects that it was obviously inaccurate, thus indicating an inability to observe or to relate her impression of the facts. It was this internal inconsistency within her own testimony which demonstrated incompetence. In contrast, in the

**6** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

instant case there is no inconsistency internal to Clarence's testimony. The discrepancies, such as they are, are between the testimony of Clarence and his sister. Moreover, these variations relate to peripheral matters rather than to the essential ingredient of Clarence's testimony, i.e., his identification of the intruder as a neighbor with whom he was acquainted. Such collateral discrepancies between the testimony of different witnesses may affect credibility and the weight given to the evidence by the jury. They do not render a witness incompetent. *State v. Jones*, 558 S.W.2d 286, 288 (Mo.App.1977).

Judgment affirmed.

PUDLOWSKI, C.J., and CRANDALL, J., concur.