STATE of Missouri, Respondent,

v.

Everett Clifford GREER, Appellant.

No. 46154.

Supreme Court of Missouri,

Division No. 1.

June 9, 1958.

No appearance for appellant.

John M. Dalton, Atty. Gen., George E. Schaaf, Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

On December 11, 1956, defendant Everett Clifford Greer was convicted in the Jackson County Circuit Court of statutory rape and a jury assessed his punishment at 50 years' imprisonment in the State Penitentiary. The trial judge reduced the punishment to 35 years. Motion for new trial was overruled and defendant was sentenced. From the judgment entered, he appealed.

Defendant has not filed a brief in this court so we shall look to the motion for a new trial for assignments of error. A number of alleged assignments are insufficient to preserve any question for review. Others are not supported by the record. We shall ignore these and consider only the points preserved for review.

Defendant, in his motion, assigned error to the ruling of the trial court in refusing to direct a verdict of not guilty. The alleged offense was charged to have been committed on October 4, 1956. The State's evidence was that on the afternoon of that day, defendant's wife went to a show, leaving the defendant at home with the children. It was defendant's day off from work. When defendant's wife returned home, she found one of the girls, the prosecutrix, 8 years old, in the bathroom with defendant. She was bleeding and defendant was attempting to stop it. The mother took the child to a hospital where she remained for several days. A doctor who attended the child testified that he observed a laceration of the vaginal wall and that prosecutrix had lost a considerable amount of blood. The child testified to a state of facts which justified a finding that defendant had had sexual intercourse with her. The wife of the defendant testified that when she returned home about 7:30 p. m., she found the defendant and the child in the bathroom; that when she noticed how the child was bleeding, she took her to a hospital.

Defendant's evidence was that the child fell down a flight of steps while playing, causing her to bleed, and that he was trying to stop that bleeding when his wife came home. Defendant further testified that he had been sexually impotent for many years. However, his evidence was very vague on this subject. In answer to some questions, he would say that his wife's children were his; then, in response to another question, he would say the children could not be his. No medical evidence was offered to support defendant's claim. In the circumstances, it was a question for a jury and the State's evidence was ample to support a verdict of guilty. It is evident from the record that defendant was of low mentality. That is the only fact in the record, which in our opinion, could have been a reason for the trial court's action in reducing the punishment.

Defendant, in his motion for new trial, says the court erred in permitting the wife of appellant to testify on behalf of the State. The court restricted the evidence of this witness to what she found when she returned home and found defendant and the child. The question presented was reviewed at length by this court en banc in the case of State v. Kollenborn, Mo., 304 S.W.2d 855. We need not again consider the question. However, we quote from State v. Woodrow, 58 W.

Va. 527, 52 S.E. 545, 2 L.R.A.,N.S., 862, the following which we deem appropriate and which was quoted in the Kollenborn case, 304 S.W.2d loc. cit. 863: " ' * * * when the blood of husband, wife, or helpless child is found on the door of the home, and wounds on the body of such member of the family, the law must invade that home and permit the truth to be disclosed, else the enemy of the home and all society, and violator of all laws, human and divine, must go unwhipped of justice. The law of necessity alters the general rule of competency under such circumstances. This is the force and effect of the common-law decisions which permit the husband and wife to testify against each other on charges affecting their persons and liberty. They declare a principle of the common law, and the reason for the application of that principle here is imperious.' "

■ Defendant assigned error to the ruling of the trial court in permitting the child to testify without first qualifying the witness. This assignment is without merit. The record shows that the witness was questioned as to her qualifications. She testified that she was in the third grade in school; that she went to Sunday School and after some other questions, she was asked, "Who would be disappointed if you didn't tell the truth here?" She answered, "God." The trial court's ruling was not an abuse of discretion. State v. Groves, Mo., 295 S.W.2d 169, loc. cit. 172, 173(2-4) (5).

■ Defendant, in his motion for new trial, alleged that the trial court erred in permitting the examining doctor to testify as an expert for the reason that "he only had six months' practice as a resident at General Hospital." Also, in this same assignment, it is claimed that the evidence of this doctor was incompetent and immaterial. The doctor testified that he was a graduate of the University of Kansas Medical School; that he was an intern for one year and had made a special study of gynecology and obstetrics. We

hold the doctor was qualified to testify as a medical expert on the subject matter under consideration. The defendant, in his motion, did not specify what portion of the doctor's evidence was immaterial or incompetent. All of the doctor's evidence pertained to the condition of the child and her injuries. This evidence was certainly competent as well as material.

■ Defendant further assigned error to the ruling of the trial court in permitting the State to introduce the panties worn by the child after the alleged assault. This assignment is without merit. The article of clothing in question and its condition tended to support the State's case.

We have examined the information and other matters of record and we find no error therein.

The judgment is affirmed.

All concur.