STATE of Missouri, Respondent,

v.

Samuel Sylvester STARKS, Appellant.

No. 56215.

Supreme Court of Missouri,
Division No. 2.

Nov. 8, 1971.

———◆———

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

George C. Hubel, St. Louis, for appellant.

MORGAN, Presiding Judge.

A jury found defendant guilty of molesting a minor with immoral intent and assessed his punishment at three years confinement. Section 563.160, RSMo 1969, V.A.M.S.

Factually, it appears that the defendant was the step-father of the nine-year-old victim; that the offense in question occurred at the home of the victim, which was, periodically, also the home of the defendant; that the victim's mother arrived at home during the commission of the offense; and, that she grabbed a lamp and struck the defendant on the head, and he then grabbed his clothes and ran out the door. Both the victim and her mother testified.

Defendant asserts only one error on appeal. It is: "The record does not indicate that Miss (the victim) had a present understanding of an obligation to speak the truth and for this reason she was incompetent and should not have been allowed to testify." This conclusion is predicated on the holdings in State v. Jackson, 318 Mo. 1149, 2 S.W.2d 758, and State v. Jones, 360 Mo. 723, 230 S.W.2d 678.

The problem posed is not one of first impression as it has been the subject of numerous decisions by the appellate courts of this state. Mo.Dig., Witnesses, ▮▮▮ ▮▮▮▮ All of such cases make it obvious that the ultimate objective is to protect an accused from testimony by a child of tender years who may have lacked the mental capacity to observe an event and later truthfully and accurately relate what, in fact, was observed. The relevant statutory provision provides, in part, that: "The following persons shall be incompetent to testify: * * * A child under ten years of age, who appears incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly * * *." Section 491.060(2). This statutory standard was made somewhat more definitive in Burnam v. Chicago Great Western R. Co., 340

**408**

Mo. 25, 100 S.W.2d 858, 862, wherein a witness 8 years, 6 months and 20 days old was found competent to testify and relate events observed while he was 5 years, 6 months and 9 days old. The case involved personal injuries suffered by the child witness and, among other factors, the court observed that "* * * [the] evidence was about a subject that would naturally leave an impression upon his memory of a much more lasting character than if it were something that he merely saw or observed." Both the refined standard adopted in Burnam, and the logic of the reasoning that a victim of the events in question would probably have a more lasting impression of such events, have been accepted and applied in criminal cases. For instance, in State v. Jones, Mo., supra, 230 S.W.2d at l. c. 680–681, this court quoted with approval from Burnam that: "'The test of competency of a child of tender years involves four fundamental elements, all of which should be present in order for such child to be competent to testify, viz.: "(1) Present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observation." 5 Jones' Commentaries on Evidence, § 2106, p. 3954.' Burnam v. Chicago Great Western R. Co., 340 Mo. 25, 100 S.W.2d 858, loc. cit. 862." State v. Statler, Mo., 331 S.W.2d 526, 528. See also Hildreth v. Key, Mo.App., 341 S.W.2d 601, wherein the implications of each of the four elements listed were exhaustively explored as were related cases on the general subject. The latter case involved testimony by a witness of facts observed while 4 years and 7 months of age.

From all of which, it is clear that each case must be considered in light of the facts presented for the reason " * * *

there is no precise age at which children are competent or incompetent. Their competency is to be determined by their apparent capacity. It belongs to the judge in each case to determine by appropriate questions the competency of the infant offered as a witness, and his decision is not open to review unless there be a clear abuse of judicial discretion * * *." State v. Headley, 224 Mo. 177, 123 S.W. 577, 581; State v. Nelson, 132 Mo. 184, 33 S.W. 809, 812.

In giving attention to the present case, it may be observed that the sole point on appeal is actually confined to element number (1) by virtue of defendant's assertion the child victim did not have "a present understanding of an obligation to speak the truth." Our inquiry, thus, is limited to the witness's mental capacity at time of trial. Hildreth v. Key, supra.

A portion of the inquiry made by the court outside the presence of the jury reveals:

Q. * * * do you know what it is * * * to tell the truth?

A. Yes, sir.

* * * * * *

Q. Have you talked to anybody about this? Have you talked to your mother about what you are going to say today?

A. No, sir.

Q. She hasn't told you what to say?

A. No, sir.

Q. Has anyone told you what to say today?

A. No, sir.

Q. Do you understand you are to tell the truth?

A. Yes, sir.

Q. And, do you understand that if you don't tell the truth—that it's bad not to tell the truth?

A. Yes, sir.

Q. Are you going to tell the truth?

A. Yes, sir.

In addition, the record reflects that the witness could read and write; that she answered questions pertaining to the members of her family; and, that she answered other questions calling for the recall of times, dates and places. Her testimony, relating to the details of the offense, was confirmed by the testimony of the mother. It is true that she testified that she did not understand the implications of a formal oath nor appreciate the solemnity thereof. However, "The sanction of an oath, regarded as a feature of judicial procedure, is its quickening of the conscience of the affiant, and the liability it creates to the penalty of perjury, if the testimony is willfully false. This penalty attaches whatever be the form in which the oath is administered." State v. Bennett, 102 Mo. 356, 14 S.W. 865, 869. Such a conclusion is consistent with the provisions of Section 492.060, which reads: "In all cases in which an oath or affirmation is required or authorized by law, every person swearing, affirming or declaring, in whatever form, shall be deemed to have been lawfully sworn * * *." From the record presented, we think it clear that the questioned witness had a "present understanding" of the obligation to speak the truth, and that the trial court did not abuse its discretion in permitting her to testify.

Nevertheless, we feel obligated to distinguish the two cases, previously noted, upon which defendant relies. In each it was ruled that the youthful witness lacked the required capacity to testify. In State v. Jackson, supra, it was found, in retrospect, that the child was "appallingly ignorant" and, in State v. Jones, supra, the record reflected that the child's testimony was totally inconsistent with the existing physical facts.

The judgment is affirmed.

All of the Judges concur.