STATE of Missouri, Plaintiff-Respondent,

v.

Thomas BALL, Defendant-Appellant.

No. 35710.

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 14, 1975.

Motion for Rehearing or Transfer Denied Nov. 19, 1975.

Karl F. Lang, Kevin M. O'Keefe, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Clarence Thomas, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

A jury found appellant guilty of murder in the first degree in connection with the death of Percy Thomas. The jury assessed punishment at life imprisonment. He appeals.

While appellant does not deny shooting Percy Thomas on April 7, 1972, he disputes the circumstances surrounding the shooting as attested by the state's witnesses. Essie Bates testified that appellant told her that he was going to kill his estranged wife and Percy Thomas the day before the shooting and that appellant had purchased a .38 pistol with money he obtained from his girlfriend. Testimony by James Dismute and Sabrina Ball, appellant's nine-year-old daughter, established that Dismute's apartment adjoined the apartment occupied by Mrs. Ball and the Ball children by means of a common bathroom. On the day of the shooting, Percy Thomas and the Ball children had gone to the grocery store and bought some wine for Dismute. Dismute testified that appellant had held Dismute at gunpoint until Percy Thomas and the Balls returned and shot Thomas as he approached Dismute's apartment through the bathroom. Dismute stated that Sabrina Ball was in the bathroom at the time of the shooting. Sabrina testified that she and Thomas entered the vacant bathroom and that Thomas knocked on Dismute's door. She said that her father shot Thomas while Thomas was still in the bathroom. Both Dismute and Sabrina stated that no words or blows were exchanged before the shooting, and both stated that Thomas was carrying only a grocery bag and some money at the time of the shooting. Appellant ran from the house after shooting Thomas.

Appellant denied these facts and testified that Thomas had approached him prior to the shooting and had threatened appellant's life. Appellant's version of the events surrounding the shooting was that he had gone to visit Dismute on the day of the shooting. Appellant testified that, while in the bathroom, Thomas had threatened appellant with a knife and appellant shot in self-defense. Appellant stated that he did not see Sabrina in the bathroom at the time of the shooting.

■ Appellant claims that four errors occurred at his trial. In his first point on appeal, appellant argues that the trial court erred in qualifying Sabrina Ball as a witness since she did not "possess the attributes required of a witness under the age of ten years." Section 491.060(2) RSMo 1969 provides that children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, shall be incompetent to testify. The statute merely creates rebuttable presumptions that a child over ten years old is competent to testify and that a child less than ten years old is not competent to testify. *State v. Young,* 477 S.W.2d 114, 116 (Mo.1972). Ultimately, the child's competency is determined by the trial court on the basis of his apparent capacity. *State v. Starks,* 472 S.W.2d 407, 408 (Mo.1971). The trial court's determination that the child is qualified to give testimony will be reversed only for a clear abuse of discretion. *State v. Parton,* 487 S.W.2d 523, 526 (Mo.1972); *State v. Starks,* supra; *State v. Jones,* 360 Mo. 723, 230 S.W.2d 678, 680 (Mo.1950); *Burnam v. Chicago Great Western R. Co.,* 340 Mo. 25, 100 S.W.2d 858, 862 (Mo.1936). Qualification of a child witness is not an abuse of discretion when it appears that the child has: (1) present understanding of or intelligence to understand on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly

to translate into words the memory of such observation. *State v. Young,* supra; *State v. Parton,* supra; *State v. Jones,* supra, at 681; *Burnam v. Chicago Great Western R. Co.,* supra; *Hildreth v. Key,* 341 S.W.2d 601, 609 (Mo.App.1960).[1]

■ Appellant first charges that Sabrina Ball was incompetent to testify because she neither understood nor had the capacity to understand an obligation to testify truly. Appellant bases this contention on Sabrina's testimony that she did not know what the term "oath" meant. While Sabrina could not define "oath," she did understand her obligation to tell the truth in her testimony. She testified that she knew that a lie is an untrue story, that she had promised God to tell the truth when she raised her hand during administration of the oath, and that God would punish her if she broke her promise and did not tell the truth in court. A child need not understand the term "oath" in order to give testimony, provided the child exhibits some present understanding of the obligation to give true testimony. *State v. Starks,* supra, at 409. If the child evidences some belief in God and punishment for false testimony, this is sufficient. *State v. Robertson,* supra, at 846–847; *State v. Greer,* 313 S.W.2d 711, 713 (Mo.1958); *Burnam v. Chicago Great Western R. Co.,* supra, at 861–62. Although dicta in *State v. Jones,* supra, mentions the child's failure to understand the oath, the court's decision to disqualify the witness was based on other grounds. The child was disqualified because her testimony was totally inconsistent with all other evidence before the court. *State v. Jones,* supra, at 681. Since Sabrina did indicate an understanding of her obligation to speak truly, and since Sabrina's testimony was not impossible, but on the contrary was consistent in the main with the testimony of the other eye-witness, the trial court did not abuse its discretion by finding that Sabrina understood her obligation to give true testimony.

■ Appellant next charges that Sabrina Ball was incompetent to testify because she lacked capacity to observe, register, and remember the occurrence in question or lacked capacity to truly translate her memory into words at the time of the trial. Appellant bases this contention on the inconsistencies present in Sabrina's testimony. Portions of Sabrina's testimony lack clarity or contain inconsistencies. These unclear or inconsistent statements usually relate to collateral matters. While Sabrina evidenced confusion when questioned about times, dates, measurements, and places, this inability to comprehend abstractions does not negate Sabrina's ability to observe and remember the shooting she witnessed. When the nature of the occurrence or the child's relation to the occurrence is such as to create a stronger impression, the courts will consider that in passing on the child's competence. *State v. Parton,* supra, at 525–526; *Burnam v. Chicago Great Western R. Co.,* supra, at 862. Here, Sabrina witnessed a violent crime. Such an occurrence is likely to make a strong impact upon a child's mind and is likely to create a more lasting memory than the recollection of time, place and names. Indeed, Sabrina's testimony concerning the events of the day of the shooting is clear in large part.

Appellant relies heavily upon *Hildreth v. Key,* supra, and *State v. Jones,* supra, and argues that inconsistencies in Sabrina's testimony disqualify her as a witness. *Hildreth v. Key* is inapplicable to this argument. That case did not involve a child's capacity to observe, remember, and relate facts; the case dealt only with a child's understanding of the obligation to speak truly. In dicta the court noted (at 609–12) that the trial court should be sure testimony given by the child arises from independent recollection, but the court also noted that children have been held competent when they have witnessed brutal crimes.

1. The appellate court should consider the testimony given during the preliminary examination and during the trial to determine whether the trial court's decision was an abuse of discretion. *State v. Robertson,* 480 S.W.2d 845, 846 (Mo.1972).

*State v. Jones* can also be distinguished from the instant case. In that case, testimony given by the child relating to the crime charged was totally inconsistent with testimony given by others and the physical facts shown. The child's testimony was impossible. Unlike the testimony in *State v. Jones*, Sabrina's testimony concerning the events surrounding Percy Thomas's death is corroborated on all major points by the testimony of the other eye-witness.

The inconsistencies present in Sabrina's testimony are not such to require reversal of the trial court. As noted above, most of these inconsistencies relate only to collateral matters. Sabrina's testimony is inconsistent in relation to non-collateral matters in only two respects. Sabrina was confused as to whether she could or could not see Dismute in his apartment and as to who opened doors in the bathroom. The confusion is quite possibly due to Sabrina's misunderstanding of the questions asked by counsel. The record indicates several other instances in which Sabrina and defense counsel had difficulty in understanding each other. However, Sabrina's testimony concerning the basic facts was relatively clear and confirmed by Dismute's testimony. Sabrina and Thomas returned from the grocery store and entered the bathroom leading to Dismute's apartment. Appellant shot Thomas before Thomas entered Dismute's apartment while carrying only groceries and money and before any words or blows were exchanged. The trial court must disqualify a child witness when the child's testimony is so inconsistent with the record that the testimony is impossible. *State v. Jones,* supra. However, if the inconsistencies do not vitiate the child's testimony, such inconsistencies merely affect the credibility of the witness and do not incapacitate the child from giving testimony. *State v. Obie,* 501 S.W.2d 513, 514–515 (Mo.App.1973). We do not believe the trial court abused its discretion in finding Sabrina competent to testify. Inconsistencies present in her testimony pertain to her credibility rather than her competency.

In appellant's second point on appeal, he argues that the court erred in permitting certain of the questions asked Sabrina Ball in the preliminary, qualifying examination to be repeated before the jury. The appellant maintains that such questioning improperly bolstered the testimony of Sabrina Ball. The trial court here followed the proper procedure and ruled Sabrina competent to testify following a preliminary examination outside of the hearing of the jury. *State v. Tandy,* 401 S.W. 409, 413 (Mo.1966); *Pollard v. Decker,* 354 S.W.2d 308, 314 (Mo.App.1962). We are not aware of any case which rules that certain of the qualifying questions cannot be repeated before the jury after the child has been qualified to testify. In this case, Sabrina repeated her name, her age, her school and grade, the name of her church and minister. She repeated that she knew the difference between truth and falsehood, that she had promised God to tell the truth in court by administration of the oath, and that God would punish her if she broke that promise. We do not believe that such testimony improperly bolstered Sabrina's testimony. In effect Sabrina merely repeated the oath and its meaning in the presence of the jury, as she had done during her preliminary examination. Sabrina's testimony bolstered her other testimony no more than the oath of any witness. Rather, the questioning called attention to the doubts entertained about Sabrina's testimony. If anything, the questioning detracted from Sabrina's credibility. Sabrina was extensively cross-examined both on the issue of competency and her testimony concerning the event she had witnessed. Under such circumstances, we can find no prejudice to the appellant by permitting Sabrina to repeat that she understood her obligation to speak the truth.

In his third point on appeal, appellant argues that the trial court erred in excluding testimony by Officer William Reynolds and medical records from City Hospital concerning injuries sustained by Sabrina Ball in January, 1972. Appellant

asserts that such evidence was admissible to impeach Sabrina Ball. In her testimony, Sabrina claimed that she had never been cut by Percy Thomas. The testimony excluded by the trial court would have proved that Sabrina had been treated for cuts. Appellant does not dispute that Mrs. Ball's statements made to Reynolds and in the medical records that Percy Thomas had caused the injuries is inadmissible hearsay evidence. *See Stewart v. Sioux City & New Orleans Barge Lines, Inc.*, 431 S.W.2d 205, 210–211 (Mo.1968); *Kraus v. Kansas City Public Service Co.*, 269 S.W.2d 743, 746 (Mo.1954). A party is entitled to impeach the testimony of an opponent's witness, provided such impeachment does not concern immaterial or collateral matters. *State v. Alexander*, 499 S.W.2d 439 (Mo.1973); *State v. Taylor*, 486 S.W.2d 239, 244 (Mo.1972). If the impeachment relates to collateral matters, the party is bound by answers given upon cross-examination. *State v. Johnson*, 486 S.W.2d 491, 496 (Mo.1972); *State v. Miles*, 412 S.W.2d 473, 476 (Mo.1967); *Switzer v. Switzer*, 373 S.W.2d 930, 939 (Mo.1964). The trial court is accorded a reasonable latitude in admitting or excluding evidence of this type. *State v. Alexander*, supra, at 444.

We hold that the trial court did not abuse its discretion by excluding the evidence here in question. Whether or not Sabrina was injured in January of 1972 is a collateral matter, and appellant was bound by Sabrina's response on cross-examination. A matter is non-collateral if it is a matter about which the witness could not be mistaken if the witness were present and had seen what he claims to have seen. *State v. Alexander*, supra, at 443. When the fact in dispute is of no material significance in the case or is not pertinent to the issues as developed, the matter is collateral. *State v. Miles*, supra, at 476. Since Sabrina's denial of her injuries does not prove that she was not present at the scene of the shooting to observe the events disclosed in her testimony, the matter is collateral.

In his final point on appeal, appellant argues that the trial court erred in prohibiting appellant's counsel from arguing that the defendant believed decedent had attacked his child. The appellant also argues that the trial court's remark that no evidence supported the argument was an improper comment on the evidence which prejudiced the defendant. Appellant's claims arise out of the following exchange:

"MR. LANG [appellant's counsel]: Now, is he going to wait four years to suddenly shoot this man? Didn't he have provocation years ago? . . . Didn't he have provocation when this man, years before, had burned his child and cut his child? Didn't he have provocation—

"MR. FREDERICKS: One moment. I object to this. There is no evidence in this case at all as to the burning and cutting.

"THE COURT: Members of the jury: The argument of counsel is objectionable. The objection will be sustained. You will not consider that in your deliberations.

"Proceed.

"MR. LANG: You will remember that Essie Bates said "I took him [defendant] over to where she was and they were both injured" and who did she say did it? Percy Thomas did.

"MR. FREDERICKS: I object to that. There was no evidence of that at all. I will object to it and ask that it be sustained.

"THE COURT: Mr. Lang, you will refrain from discussing this matter because there is no evidence before this jury regarding that.

"MR. LANG: May we approach the bench?

(Whereupon, the following proceedings took place at the bench, outside the hearing of the jury:)

"MR. LANG: Your Honor, there is evidence. There is evidence from Essie Bates that Percy Thomas injured the

child. There is evidence from Thomas Ball himself who testified Sabrina Ball told him who injured her and how she was injured.

"THE COURT: The objection to the argument will be sustained."

(Thereupon, the proceedings were then resumed within the hearing of the jury).

■ We note, initially, that questions of the propriety of oral argument are addressed to the discretion of the trial court, and an appellate court will not interfere absent abuse of that discretion and prejudice to appellant. *State v. Jewell*, 473 S.W.2d 734, 741 (Mo.1971); *State v. Deutschmann*, 392 S.W.2d 279, 284–85 (Mo. 1965); *State v. Cromwell*, 509 S.W.2d 144, 148 (Mo.App.1974). Counsel's argument may properly comment on matters in evidence and on any legitimate inferences to be drawn therefrom. *State v. Fields*, 314 S.W.2d 723, 725 (Mo.1958). Here, appellant's counsel sought to argue that appellant lacked deliberation when he shot Percy Thomas because appellant believed Thomas had injured his daughter several months prior to the shooting and took no action prior to April, 1972. The trial court erred in prohibiting this argument since there was evidence to support it. Appellant testified that Thomas admitted injuring the Ball children during an encounter with the appellant prior to the shooting, and that Sabrina had told the appellant that Thomas had hurt her. The record is devoid of any other evidence indicating that Thomas hurt the Ball children, although some testimony was given that the Ball children had been injured.

■ While we agree that the trial court erred in prohibiting counsel from arguing that appellant believed his children had been injured by Thomas, we find that the error did not prejudice the appellant. If the appellant believed that Thomas had hurt his children several months before the shooting and took no action until April,

1972, this fact strengthens the inference that the appellant had acted with deliberation. *State v. Mitchell*, 408 S.W.2d 39, 42–43 (Mo.1966); *State v. Lloyd*, 337 Mo. 990, 87 S.W.2d 418, 422–23 (Mo.1935). In addition, defense counsel's argument could not be used to support the appellant's assertion that he had killed in self-defense. The reputation of character of the decedent for violence cannot be established by proof of specific acts of violence against persons other than the appellant. *State v. Maggitt*, 517 S.W.2d 105 (Mo. banc 1974); *State v. Nelson*, 484 S.W.2d 306, 308 (Mo.1972); *State v. McDonald*, 527 S.W.2d 380 (Mo. App.1975). We are simply unable to discern any proper usage of this argument which would have benefited the appellant, and we hold that the trial court's restriction of this argument was non-prejudicial error.

■ We turn now to the question as to whether any of the court's remarks may be construed as improper comment under the provisions of Section 546.380 RSMo.1969 or Rule 26.09, its counterpart. Statements by a trial judge summarizing what the judge believes to be in evidence must be considered in their contexts, and are not improper unless the statements indicate to the jury that it is not to reach its own determination of the facts. *State v. Fields*, supra, at 725. No improper comment has been found when the court's remarks are addressed to counsel in ruling upon an objection. *State v. Edmonds*, 347 S.W.2d 158, 165 (Mo.1961); *State v. Selman*, 391 S.W.2d 193, 195 (Mo.1965). Appellant's argument relies heavily upon *State v. Fields*, supra. However, two important differences distinguish *State v. Fields* from this case. First, the comment held improper in *State v. Fields* was not made in response to an objection as a part of the court's ruling but was volunteered by the trial judge. Second, the trial judge in *State v. Fields* stated what the facts were "as a matter of law." The appellate decision notes that the general rule permitting the trial court to summarize the evidence in explanation of

its ruling is inapplicable under such facts. *State v. Fields*, supra, at 725. In the case before us, the trial judge's statements were made in response to objections as a part of his ruling. The remarks do not constitute a statement of the facts as a matter of law. The statements are not improper when considered in connection with the circumstances under which they were made.

Unable to find any prejudicial error committed by the trial court, we affirm the judgment.

WEIER, P. J., and RENDLEN, J., concur.