**STATE of Missouri, Plaintiff-Respondent,**

v.

**Walter Lee SANDERS,
Defendant-Appellant.**

**No. 36192.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 6, 1976.

Motion for Rehearing or Transfer
Denied Feb. 26, 1976.

Hayes & Heisler, Robert E. Heisler, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals his jury conviction of statutory rape and sentence under the Second Offender Act to 25 years imprisonment. The appeal centers on the issue of whether the trial court erroneously permitted the victim's seven year old sister to testify. We affirm the judgment.

The sufficiency of the evidence is not challenged. The 15 year old victim and her seven year old sister identified defendant as the one-armed man, known to the victim as "candyman," who forced his way into the victim's home, placed a knife to the victim's neck and after ordering the seven year old

sister from the room, compelled the victim to have sexual intercourse with him.

The seven year old sister was preliminarily examined by the trial judge, the prosecutor and defense counsel as to her competency to testify, and after examination she was permitted to testify that she had seen the defendant force his way into the home and place the knife to her sister's throat. She acknowledged that she did not see the sex act occur but did see her sister naked and the defendant putting on his clothes.

Defendant challenges the seven year old sister's competency to testify. At one point in her examination the seven year old indicated that she did not "know what it means to lie or what would happen to her if she lied." There was also indication that she did not fully comprehend the meaning of the oath administered to her. Defendant relies on § 491.060(2), RSMo.1969, and argues that under the provisions of that statute, the seven year old was incompetent to testify.

 The test of competency for a child under ten, as outlined in *State v. Young,* 477 S.W.2d 114, 116 (Mo.1972), is:

"(1) present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observation."

The ultimate responsibility for determining the competency of a child to testify rests with the trial court who occupies the best position to judge the qualification of the witnesses. And the trial court's determination regarding the child's fitness will be reversed only for a clear abuse of discretion. *State v. Parton,* 487 S.W.2d 523 (Mo. 1972); *State v. Starks,* 472 S.W.2d 407 (Mo. 1971); *State v. Ball,* 529 S.W.2d 901 (Mo. App.1975). A review of the record regarding the seven year old's competency re-

veals no abuse of the trial court's discretion in permitting her to testify.

The child stated that she knew the difference between the truth and a lie; that she had been taught at church that to lie was wrong. Although there may have been some inconsistencies in her testimony regarding her knowledge as to the difference between telling the truth and telling a lie, that fact does not preclude her testimony, as at the time of trial the trial judge was convinced that she did know the difference. *State v. Young,* supra. The trial court's decision to allow the child's testimony is buttressed by her testimony indicating that she had a practical understanding of the abstract concepts of truth and falsity. Her testimony also established that she had an independent recollection of the events surrounding the rape and that she was able to distinguish between her own independent recollection of what had occurred and what she had been told by others. The inability to understand the meaning of a specific term, such as "oath," does not disqualify the witness or render her testimony inadmissible. *State v. Ball,* supra.

Defendant adverts to and relies upon *State v. Jones,* 360 Mo. 723, 230 S.W.2d 678 (1950), as basis for the disqualification of the seven year old. But *State v. Jones* is not apt here, for in that case a five year old child was incompetent to testify chiefly for the reason that her testimony on its face was incorrect. In this case the victim's sister had her testimony corroborated by the victim, and it contained no inherent inconsistencies.

We find that the trial court did not abuse its discretion in permitting the testimony of the seven year old child. The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.