For the reasons stated above, the judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.

**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jimmy Lee JONES, Defendant-Appellant.**

### No. 10346.

Missouri Court of Appeals, Springfield District.

Sept. 15, 1977.

Motion for Rehearing or to Transfer Denied Oct. 5, 1977.

Application to Transfer Denied Nov. 14, 1977.

John D. Ashcroft, Atty. Gen., Jeff W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Theodore A. Strecker, LeCompte & Strecker, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

A Greene County jury found defendant Jimmy Lee Jones guilty of second degree murder of Carol Jean Wiles and fixed his punishment at life imprisonment. His assignments of error in this appeal involve the trial court's rulings on the admissibility of testimony of three witnesses. We affirm.

The sufficiency of the evidence to support the jury's verdict is not questioned. Defendant, a procurer for the deceased, testified he fatally stabbed Carol but claimed he did so in self-defense.

■ Defendant's first point is that his objection to the testimony of witness Bryan should have been sustained because it "showed difficulties between defendant and third persons and attempted to show a turbulent nature of the defendant."

We find no merit in defendant's attack on Bryan's testimony. Bryan, the defendant, and others were in the Blue Ribbon Bar in Springfield the night of, and several hours before, Carol's slaying. Two men in the bar wanted Bryan to leave and asked him "to step outside." The three men went outside the bar. There was no altercation or fight. The defendant then came out of the bar and after the two men had left Bryan, the defendant told Bryan that if the twosome had jumped him, he, the defendant, was going to help him. Defendant told Bryan he was his friend. He advised Bryan he should forget Sheila Cooper so Bryan would not get involved with Sheila like defendant was with Carol. He told Bryan he was Carol's pimp and in love with her but she did not love him.

Bryan's testimony was evidence of defendant's relationship with and feelings toward Carol. This was proper. *State v. Johnson*, 349 Mo. 910, 163 S.W.2d 780 (1942). The state was entitled to show the entire conversation between defendant and Bryan, *State v. Stewart*, 542 S.W.2d 533 (Mo.App. 1976), and the initial part of Bryan's testimony was merely explanatory of the circumstances which brought on the conversation. There was no evidence whatsoever that defendant was involved in any "difficulty" that Bryan and the two men may have had that night. Defendant's statement in his brief that the defendant was involved in the "difficulty" is not supported by the record. The trial court did not err in overruling defendant's objection and denying his motion for a mistrial.

Defendant's remaining point avers the trial court was guilty of an abuse of discretion in permitting, over objection, the victim's daughters, ages 8 and 10, to testify. Both children were asleep in their mother's hotel room in the early morning hours when they were awakened by voices of defendant and their mother.

Vanessa, age 8, said she was awakened by her mother and the defendant talking. She next observed her mother and sister [Nondice] running out of the door of the room and she followed them, but was prevented from leaving by the defendant who grabbed and dragged her on the carpet. She escaped by kicking the defendant and followed her mother and sister. She saw her mother was bleeding.

Nondice, age 10, was awakened by her mother's screams. The defendant was standing behind her mother with a knife in his raised hand. Nondice said she jumped and screamed, and that defendant turned and hit her in the mouth with the knife. Her mother ran from the room and Nondice followed her.

The St. Louis District reviewed at length, in an opinion by Dowd, J., in *State v. Ball*, 529 S.W.2d 901 (Mo.App.1975) the rules and principles governing the admissibility of testimony by children of tender years. "Qualification of a child witness is not an abuse of discretion when it appears that the child has: (1) present understanding of or intelligence to understand on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observation." *State v. Ball*, supra, at 904–905.

Here, the trial judge presided over a complete *voir dire* of both witnesses, after which he determined that each possessed the elements expressed in *Ball* and were competent to testify. Defendant claims that internal inconsistencies in the children's testimony rendered them incompetent to testify. We disagree. The alleged inconsistencies, in the main, related to collateral matters. The phrasing of several of the questions may have contributed to seemingly contradictory answers. The daughters' testimony was not so inconsistent as to be impossible. *State v. Jones*, 360 Mo. 723, 230 S.W.2d 678 (1950). The inconsistencies referred to by defendant in his brief merely affected the credibility of Vanessa and Nondice and did not render them incompetent as witnesses. *State v. Obie*, 501 S.W.2d 513 (Mo.App.1973).

The defendant admitted he stabbed Carol following her advising him she was in love with another man and the argument which ensued. The jury rejected his claim he was acting in self-defense. The record reflects the defendant received a fair trial and we find no error.

The judgment is affirmed.

All concur.