**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William Aaron PATTERSON,
Defendant-Appellant.**

No. 39312.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 30, 1978.

Motion for Rehearing and/or Transfer
Denied July 14, 1978.

Application to Transfer Denied
Sept. 12, 1978.

Mary Louise Moran, Asst. Public Defender, Kevin M. O'Keefe, Mary E. Dockery, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., David O. Fischer, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant William A. Patterson appeals from a judgment entered in the circuit court of the City of St. Louis finding him guilty of burglary in the first degree, attempted rape, robbery in the first degree by means of a dangerous and deadly weapon, and carrying a concealed weapon. The trial court sentenced appellant to a term of twenty (20) years imprisonment for the burglary, twenty (20) years for the attempted rape, thirty (30) years for the robbery, and five (5) years for the weapons charge; all sentences were to run concurrently.

For reversal appellant argues the trial court erred in (1) finding appellant guilty of attempted rape because the evidence showed that the offense attempted was perpetrated and (2) permitting the victim's daughter, who was eleven (11) years old at the time of the trial, to testify. For the reasons given below, we affirm the judgment.

The indictment charged appellant with burglary in the first degree (Count I), rape (Count II), robbery in the first degree by means of a dangerous and deadly weapon (Count III), exhibiting a dangerous and

deadly weapon (Count IV), and carrying a concealed weapon (Count V). Before trial appellant attempted to enter a guilty plea. The trial court, however, refused to accept the plea because the court was not convinced appellant was telling the truth. Appellant waived his right to a jury trial and was tried by the trial court. Rule 26.01(b), V.A.M.R.

Appellant does not challenge the *sufficiency* of the evidence. Briefly, the evidence presented showed that on April 27, 1976, at approximately 2:15 p. m., appellant broke into a house by forcing a locked rear door. A woman, her ten-year old daughter and another child were in the basement of the house. Appellant confronted them with a gun and demanded money. After the woman answered that she had none, appellant forced her upstairs into a bedroom. They passed the woman's son on the stairs. Appellant then attempted to rape the woman.[1] Subsequently appellant searched through the woman's dresser and took five rings and an earring. Appellant threatened the woman with the gun before leaving the room. She then called the police.

Appellant ran down the stairs and was confronted by a police officer, who had responded to a call from one of the neighbors. Appellant ran out the rear door and across the backyards. The police officer had already warned appellant to halt and fired several shots at appellant, hitting him once in the leg. The police apprehended appellant a few blocks away. The police searched appellant and found a .22 caliber gun, four rings and an earring.

At the trial the woman, her daughter and a neighbor identified appellant as the burglar and testified about the events of that afternoon. Certain medical evidence indicated the presence of human seminal fluid. Appellant's defense was mistaken identification.

■ Appellant first argues the trial court erred in finding appellant guilty of attempted rape because the medical evidence and the victim's testimony[2] supported a finding that the offense attempted had been committed. Because the evidence showed that the offense of rape was completed, appellant argues that he cannot be convicted of either an assault with intent to commit rape or attempted rape, § 556.160 RSMo 1969; *e. g., State v. Baker*, 276 S.W.2d 131 (Mo.1955); *State v. Scott*, 172 Mo. 536, 72 S.W. 897 (Banc 1903). Respondent, however, argues that although the victim's testimony and the medical evidence support a finding of a completed offense,[3]

1. Appellant's theory on appeal is that there was evidence that the offense attempted was completed and that appellant was guilty of rape and could therefore not be convicted of the attempt.

2. The part of the victim's testimony at issue is:
   "Q. (By Mr. Fischer) [the prosecuting attorney] Then after you heard that zipper upzip (sic) then what happened?
   "A. Then he told me to open my legs and I didn't so he forced them open.
   "Q. Okay.
   "A. And then he got on top of me and he penetrated me."

3. Under Missouri law, the essential elements of the crime of rape are: (1) penetration, however slight, of a female's sexual organs; (2) accomplished by force or threats; and (3) against the will of the woman, § 559.260 RSMo 1969; *e. g., State v. Robinson*, 484 S.W.2d 186 (Mo.1972); *State v. Nevels*, 537 S.W.2d 824 (Mo.App. 1976); *State v. Ruhr*, 533 S.W.2d 656 (Mo.App. 1976).

It is respondent's position that there was no explicit reference in the victim's testimony to male or female sexual organs or to sexual intercourse which would warrant the trial court's finding penetration and thus a completed act of rape. The victim did use only the conclusory term "penetrated," and not, in the words of the trial court, "the magic words penis and vagina." Thus, her testimony was vague in the sense that no explicit questions were asked, presumably out of a desire on the part of the prosecuting attorney to spare the victim additional emotional distress. *Compare State v. Franklin*, 459 S.W.2d 314, 315 (Mo.1970); *State v. Nevels*, 537 S.W.2d 824, 827 (Mo.App.1976) (use of more explicit language).

We agree with respondent that whether or not there was penetration, and thus a complete act of rape, is a question of fact. Under different circumstances we would agree with the trial court that, at best, this controversy is a matter of semantics and presents a technical point. We believe that this is especially true in view of the fact that the victim is a mature, married woman and the mother of several children.

this does not amount to substantial evidence from which a trier of fact, in this case the trial court, could believe beyond a reasonable doubt that the offense of rape was in fact accomplished or completed. *See State v. Famber*, 358 Mo. 288, 214 S.W.2d 40 (1948); *State v. Dalton*, 106 Mo. 463, 17 S.W. 700 (1891). Respondent urges that in the present case a conviction for attempted rape was appropriate because the testimony of the victim apparently ". . . cloud[ed] this court's mind with doubt, regarding penetration . . . ." *State v. Nevels*, 537 S.W.2d 824, 827 (Mo.App.1976).

■■■ Appellant's first point has not been properly preserved for review. Appellant during the trial and in the motion for a new trial argued that the evidence was *not* sufficient to support a conviction of rape or attempted rape. On appeal appellant advances the *opposite* argument, arguing the evidence was sufficient. Issues not raised either at trial or in the motion for new trial are not preserved for appellate review, *e. g., State v. Johnson*, 537 S.W.2d 816 (Mo.App. 1976); *State v. Gordon*, 536 S.W.2d 811 (Mo.App.1976). Thus, our review is limited to whether the finding of the trial court was plain error. Rule 27.20(c), V.A.M.R.

■■■ Even if we assume the trial court erred in finding appellant guilty of an attempt because the evidence showed that the offense attempted was perpetrated, we cannot find that any manifest injustice or miscarriage of justice has resulted therefrom. We can only conclude that this error operated to appellant's *advantage*. The trial court apparently gave appellant the benefit of the doubt and found him guilty of attempted rape rather than rape on the theory that there was insufficient evidence of penetration. We do not believe appellant can argue plain error under these circumstances.

Furthermore, her testimony was unchallenged and corroborated to a certain extent by medical evidence. We would, however, caution the prosecution against the use of vague, conclusory language when the use of explicit language may be necessary to prove the essential elements of the crime.

Appellant's second argument is that the trial court abused its discretion in permitting the victim's daughter, who was eleven (11) years old at the time of trial, to testify. Appellant argues that the child did not possess the intelligence, maturity or understanding to recognize an obligation to speak the truth. Appellant specifically notes that the child did not know what an oath was, what happened to people who lie in a courtroom or what would happen to her if she swore and then did not tell the truth.

■■■ The test of competency of a child witness involves four necessary elements: (1) present understanding of or intelligence to understand, an instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence to observe and register such occurrence; (3) memory sufficient to retain an independent recollection of the observation made; and (4) capacity to translate into words the memory of such observation. *See, e. g., State v. Lawrence*, 566 S.W.2d 243 (Mo.App.1978); *State v. Ball*, 529 S.W.2d 901 (Mo.App.1975). Appellant's main attack is upon the child's understanding of the obligation to tell the truth. We note initially that the child witness in the present case was eleven (11) years old at the time of trial. Her age alone raised a rebuttable presumption of competency.[4] Section 491.060(2) RSMo Supp.1978; *see, e. g., State v. Ayers*, 470 S.W.2d 534 (Mo. banc 1971); *State v. Obie*, 501 S.W.2d 513 (Mo. App.1973).

■■■ The fact that the child did not understand the term "oath" does not rebut this presumption. "A child need not understand the term 'oath' in order to give testimony, provided the child exhibits some present understanding of the obligation to give true testimony." *State v. Starks*, 472 S.W.2d 407, 409 (Mo.1971); *see also State v. Williams*, 545 S.W.2d 680 (Mo.App.1976);

4. The statute provides: "The following persons shall be incompetent to testify: . . . (2) A child under ten years of age, who appears incapable of receiving just impressions of the facts respecting which [he is] examined, or of relating them truly . . . ." § 491.060(2) RSMo Supp.1978.

*State v. Ball*, supra. Thus, the appropriate inquiry is not restricted to whether the child understands particular words or knows the specific consequences of failing to tell the truth in a courtroom, but whether the child has "a practical understanding of the abstract concepts of truth and falsity." *State v. Sanders*, 533 S.W.2d 632, 633 (Mo.App.1976). At the competency hearing the child testified that she understood what it meant to be sworn in as a witness, what the truth is, that it is wrong to tell a lie, that her mother had told her not to lie, and that if she told a lie, she would be punished. This testimony clearly indicates that the child did understand the difference between the truth and falsity and the obligation to tell the truth.

Appellant also alleges that the competency hearing failed to establish the child had the mental capacity at the time of the occurrence in question to truly observe and to register such occurrence, or the memory sufficient to retain an independent recollection of the observations she made at that time, or the capacity truly to translate into words the memory of such observations. After reviewing the record, we cannot agree. Her testimony indicated that she was observant, could remember the events of that afternoon and had the verbal capacity to answer the questions asked.

The trial court did not abuse its discretion in permitting the eleven year old daughter of the victim to testify.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.