STATE of Missouri, Respondent,

v.

**Vernon ARMONEIT, Appellant.**

No. 40455.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 17, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied Nov. 14, 1979.

Judith B. Sklar, Asst. Public Defender, Eleventh Judicial Circuit, St. Charles, for appellant.

John D. Ashcroft, Atty. Gen., Brenda Farr Engel, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant appeals his conviction for child molestation.[1] His appeal is based on the allegation that the victim was incompetent to testify and that it was error to admit her testimony. We affirm.

The victim was four years and eight months old at the time of the incident and five years and three months of age at the time of trial. She had been sent by her mother to a store near her trailer court home to purchase milk. On her return she was approached by the defendant who also lived in the trailer court. According to the victim, the defendant lured her into his trailer by the offer of candy. Once within the trailer the victim was given a bag of candy and lifted onto the defendant's lap. The victim then related that the defendant "kissed me on the cheek. He pulled down my pants and sticks his finger down there, and he kissed me on the stomach." The victim's initial protestations to defendant's behavior were unavailing, but he ultimately released her and the bag of candy with the admonition not to tell her mother what had happened. The victim who had been gone from home 45 minutes on what normally would have been a 10 minute errand was questioned by her alarmed mother. The child was rheumy eyed and at first reticent, but after a stern prodding she related the lustful episode. Police were summoned, and the defendant, after telling the officers that he "should not have done it" and

"would not do it again," was placed under arrest and following a brief struggle was taken to the police station.

The defendant's testimony in large measure corroborates the victim's version of what happened. He testified that he had indeed enticed the little girl into his trailer with the promise of candy; that he had placed her on his lap and had kissed her on her lips; that he had "come close" to putting his hand under her clothing; and that he had sent her home with directions not to tell anyone that she had been in his trailer. In spite of "coming close" to putting his hand under her clothing, the defendant denied that he had in fact violated the victim's privacy or that he had kissed her other than once on the lips. Other than having seen one another in the trailer court, the defendant and the child were not previously acquainted with each other.

■ Defendant's attack on his conviction centers on the competency of the victim to testify. In this regard he embraces § 491.-060(2), RSMo Supp.1977, which provides:

The following persons shall be incompetent to testify:

\*　　\*　　\*　　\*　　\*　　\*

(2) A child under ten years of age, who appears incapable of receiving just impressions of the facts respecting which he is examined, or of relating them truly;

\*　　\*　　\*　　\*　　\*　　\*

Defendant's argument is that the victim, who was five years three months of age at time of trial, is by statute presumptively incompetent to testify. And so she is; but the presumption is rebuttable if it can be established that the witness possesses the following characteristics: (1) present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence to observe and register such occurrence; (3) memory sufficient to retain

---

1. Defendant was also charged and convicted for resisting arrest, but no appeal was taken from that conviction. And, indeed, the record amply supports the conviction for resisting ar-

rest, and no apparent ground exists for a meritorious appeal. During his testimony, defendant accepted the arresting officers' details of his resistance to arrest as being correct.

an independent recollection of the observation made; and (4) capacity to translate into words the memory of such observation. *State v. Sigh,* 579 S.W.2d 657, 658 (Mo.App. 1979); *State v. Patterson,* 569 S.W.2d 266, 269 (Mo.App.1978).

■■ Without inditing all the substantial litany which was recited to establish her competency as a witness, we believe that the record fully justifies the trial court's exercise of its discretion in allowing the victim's testimony and that the victim possessed all the requisite qualifications to rebut any presumption against her competency to testify. There were minor inconsistencies in her testimony, but such deficiencies need not cause her disqualification and their effect may be weighed by the jury. *State v. Sigh,* supra. *See: State v. Leigh,* 580 S.W.2d 536 (Mo.App.1979). The victim displayed a practical awareness of the distinction between telling a lie and the truth thereby forming a basis for the proper admission of her testimony. *State v. Sanders,* 533 S.W.2d 632 (Mo.App.1976). She knew the consequences of failing to tell the truth,[2] and it was not necessary for her to understand the distinction between testifying in a courtroom or chronicling the events of the crime elsewhere. *State v. Patterson,* supra; *State v. Williams,* 545 S.W.2d 680 (Mo.App.1976). The trial court was also diligent in administering an oath in form sufficient to quicken her conscience and in accord with *State v. McClain,* 541 S.W.2d 351 (Mo.App.1976), which holds that no special recitals are necessary for an oath to be administered.[3] *Accord: State v. Sanders,* supra.

■■ Defendant alleges that the victim lacked the mental capacity to register the advances made upon her because she had no concept of time or dates. This argument is not persuasive. A child's ability to tell time or measure its passage or know the names or days of the week is not indicative of her ability to observe, remember or relate the episode which has taken place, *State v. Ball,* 529 S.W.2d 901 (Mo.App.1975). This is particularly true in this case as the victim clearly related the events as they occurred within a consistent framework of time substantiated by her mother.

■■ The defendant challenges the victim's memory as insufficient to retain an independent recollection of events charging that her testimony was the product of a false memory; that she had been threatened by her mother into telling the story and had repeated it four times before the trial. We are aware that we must be cautious to not unswervingly accept the testimony of a minor in cases such as this. There is danger that a false memory might be induced by suggestions to the child witness. *State v. Wilson,* 554 S.W.2d 511 (Mo. App.1977). So in determining whether the testimony is based on independent recollections, we look to the length of time between the event and the trial. *Hildreth v. Key,* 341 S.W.2d 601 (Mo.App.1960). We also consider whether anyone assisted in the recollection. *See: State v. Dayton,* 535 S.W.2d 479 (Mo.App.1976). Additionally we look to the nature of the event—whether it would create a strong impression on the child's mind, *State v. Ball,* supra, and the consistency of the child's testimony with other witnesses. *State v. Obie,* 501 S.W.2d 513 (Mo.App.1973).

■ In the present case the relatively brief period of six months had lapsed between the occurrence and the trial. The fact that the child told of the event for the first time under suggestion of punishment is not significant. The child hesitated to

2. The victim believed that she would incur Jehovah's displeasure if she told a lie.

3. THE COURT: S___, do you know what it is to tell the truth?
   THE WITNESS: Yes.

          *     *     *

   THE COURT: And do you know that you're to tell the truth here today?

   THE WITNESS: Yes.
   THE COURT: And do you understand that it's bad not to tell the truth?
   THE WITNESS: Yes, it's bad.
   THE COURT: And are you going to tell the truth here today?
   THE WITNESS: Yes.

divulge to her mother where she had been because the defendant by his own admission told her not to disclose the activities in his trailer. The threat would only be significant if the mother had threatened the child for details. But here the persistence in finding out where the victim had been pertained only to her initial refusal to say anything. The victim testified that the circumstances were repeated at least four times before the trial: twice on the day of the offense to the mother and police officer, once on the day before the trial to the prosecutor and once on the morning of the trial at the competency hearing. This amount of repetition is not unusual and the child testified that no one told her what to say. Further, the nature of the offense—molesting a minor—would leave a lasting impression on the child.

But most impressive is the defendant's own testimony which corroborates in major detail the facts related by the victim. The only variance between the victim's recitation of salacious conduct and that admitted by the defendant concerned whether he had reached under her clothes—he admitted he "come close." Also the victim said the defendant had kissed her on the cheek—he said on her lips, which seems to us even more opprobrious. And he denied kissing her stomach. The recitation of events by both the victim and the defendant seem congruent with each other and damning to him.

Defendant's final argument is that the victim lacked the capacity to translate her memory into words because she would not tell her mother where she had been until she was threatened; that she did not mention the defendant by name and that she could not tell time or dates. All of these facts are irrelevant on the issue whether the child had sufficient capacity to narrate the events from memory.

The trial judge did not abuse his discretion in finding the child competent to testify.

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.