**Walter Lee SANDERS, Appellant,**

v.

**Donald W. WYRICK, Warden, Appellee.**

**No. 80–1711.**

United States Court of Appeals, Eighth Circuit.

Feb. 18, 1981.

William J. Dye, Jr., Wunderlich, Dye & Brown, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before BRIGHT, Circuit Judge, GIBSON, Senior Circuit Judge, and HENLEY, Circuit Judge.

PER CURIAM.

Walter Lee Sanders appeals the denial of his petition for a writ of habeas corpus to release him from imprisonment in the state of Missouri. We affirm the District Court's[1] denial of relief.

On April 26, 1974, Sanders was convicted by a jury of statutory rape. Under Missouri's Second Offender Act he was sentenced to twenty-five years' imprisonment. His conviction was affirmed on direct appeal to the state appellate court. *State v. Sanders*, 533 S.W.2d 632 (Mo.Ct.App.1976). On November 20, 1979, Sanders filed a petition for habeas relief in the United States District Court for the Eastern District of Missouri. The cause was referred to Magistrate Noce for review and recommendation. On June 10, 1980, Magistrate Noce filed a written report and recommended denial of the petition. On July 18, 1980, Judge Nangle, after reviewing the state court record and the magistrate's report, concluded that the ha-

---

1. The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri.

beas petition was without merit and denied relief.

On September 15, 1973, Sanders entered the apartment of his 15-year-old victim and her sister, and pulled a knife. After telling the younger sister to go into the bedroom, Sanders raped the 15-year-old on the living room couch. Sanders left the apartment ten minutes later. The victim went to a friend's home and called police. She described her assailant as being bearded and having only one arm. In addition, she told the police that he was known by the name "Candyman," and she was able to describe the clothing he was wearing. Later that day, the police showed the victim a single photograph of Sanders, whom she identified as her assailant.

Three months later, Sanders was identified in a five-man police lineup by the victim. At trial, both the victim and her younger sister identified Sanders as the rapist.

In his appeal from the District Court's denial of habeas relief, Sanders alleges that the single photo identification procedure was so unduly suggestive and unreliable as to deny him due process of law. We disagree.

In order to be a violation of due process, the identification procedure must be both "unnecessarily suggestive and conducive to irreparable mistaken identification." *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). Given the circumstances surrounding the crime, a rape of a 15-year-old girl, we cannot say that the use of a single photograph identification was unnecessarily suggestive. The victim had described her assailant in detail before being shown the photograph by police, and gave the police the name by which she had known him. Police procedure may have required an immediate confirmation of the assailant's identity in order to facilitate his speedy arrest on charges resulting from such a violent and heinous crime.

In addition, even if the identification procedure was somewhat suggestive, we find that there was no "likelihood of misidentification." *See Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381–382, 34 L.Ed.2d 401 (1972). Under the "totality of the circumstances," the identification was reliable. *Id.* at 199–200, 93 S.Ct. at 382–383; *see Watkins v. Sowders,* —— U.S. ——, ——, 101 S.Ct. 654, 658–660, 66 L.Ed.2d 549 (1981); *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). The victim's description of her assailant prior to being shown the photograph and her subsequent identification of Sanders in the lineup and at trial leave no doubt but that Sanders committed the violent offense against her. Furthermore, the victim's younger sister identified Sanders and testified against him at trial. *See State v. Sanders,* 533 S.W.2d at 633. There was never "a very substantial likelihood of irreparable misidentification" in this case. *Manson v. Brathwaite,* 432 U.S. at 116, 97 S.Ct. at 2254.

Affirmed.