P.R.L., a Juvenile, Appellant,

v.

JUVENILE OFFICER, ST. CHARLES COUNTY, Respondent.

No. 51364.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 4, 1986.

Darrill S. Beebe, St. Charles, for appellant.

Nancy L. Schneider, St. Charles, for respondent.

KAROHL, Judge.

Juvenile, age fourteen, appeals disposition order of Juvenile Court which found the juvenile in need of care and treatment, ordered the child placed in the custody of his natural parents, and further ordered that the juvenile be under supervision of the court until further order.

Pursuant to § 211.031.1(3) RSMo Cum. Supp.1984, the juvenile was alleged to be in need of care and treatment for violating § 566.060.1(2) RSMo 1978, which prohibits as a felony deviate sexual intercourse with a person who is less than fourteen years of age. The petition alleged violations in two counts; one alleging criminal activity involving a child six years of age and the other involving a child five years of age. The juvenile denied the charges and a hearing on the court's jurisdiction was held. The court found the child in need of protection. After a disposition hearing the order now appealed was entered.

Counsel for the juvenile arranged for and took the depositions of the minor boys for whom the juvenile was a baby-sitter on the occasion at which it is alleged the juvenile committed deviate sexual intercourse. At the jurisdictional hearing no objection was made contesting the competency of the six year old and the five year old to testify. It is understandable that by reason of the subject matter and the age of the witnesses, six years of age on Count I and five years of age on Count II, the testimony is in part inconsistent and confusing.

The six year old testified that appellant was his next door neighbor and on two occasions his baby-sitter. The last occasion, according to the witness, took place in September. The hearing occurred on October 31, 1985. Those present in the home were appellant, the witness and his brother. After the parents left for the evening they watched T.V. and played games. The witness testified that the juvenile commit-

ted an act of sodomy when the witness, at the request of the appellant, went into the bathroom. On cross examination the six year old witness confirmed the story with greater detail.

The second child, age five, also testified without objection on grounds of competency. Many of his answers were "yeah", "Um-hmm", "no". The Juvenile Court did not find against the juvenile on the charge relating to the five year old. Accordingly, the question of whether this complainant's testimony was sufficient on his behalf is unimportant to this appeal except for testimony that he was aware that appellant and his older brother were in the bathroom together with the door closed. To some extent, testimony of different acts than those charged were denied by the six year old but affirmed by the five year old.

The two young boys' mother testified. She had retained appellant as a baby-sitter for September 3, 1985. She departed at approximately 6:15 and returned home at 10 minutes after 10:00 p.m. She detected that appellant avoided looking at her and appeared anxious to leave and go home. The six year old described the events leading to the present charges to his mother at 5:00 p.m. the next day after she returned home from work. She examined her son and saw a soapy filmy residue around his rectum. The six year old testified that the appellant used soap as a lubricant. She saw no physical sign of injury. She did not disclose these matters to her husband until nine or ten days later. Subsequently a report was made to juvenile authorities.

The juvenile testified and strenuously denied any misconduct.

Appellant claims error in that (1) the decision of the juvenile court was against the weight of the evidence and, (2) appellant was denied constitutional rights to a fair hearing because the six and five year old were incompetent witnesses.

 Where the issue before a juvenile court is the need for care and treatment and the basis upon which jurisdiction is invoked rests upon the alleged commission of a felony, the burden is on juvenile authorities to prove that fact beyond a reasonable doubt. *In the matter of Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Rule 117.05(a). And, where, as here, the Juvenile Court after hearing the proof makes a specific finding "beyond a reasonable doubt" that the child did commit the felony alleged, we treat the finding "as equivalent to a jury verdict" and this court considers "the evidence and the inferences to be drawn therefrom in the light most favorable there to." *In re Fisher*, 468 S.W.2d 198, 199–200 (Mo.1971). We review under Rule 73.01 as interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

 We find the testimony of the six year old child and his mother sufficient to support the finding and judgment of the Juvenile Court. The testimony of the six year old is no longer subject to a presumption of incompetency where he or she is under the age of ten years and is alleged to be a victim of an offense under § 566.060 RSMo 1978. Section 491.060(2) RSMo Cum.Supp.1984. Even without that presumption, a child's competency rests within the sound discretion of the trial court and the four necessary elements to determine competency may be found in *State v. Patterson*, 569 S.W.2d 266, 269 (Mo.App.1978). We review only for abuse. *State v. Gibson*, 623 S.W.2d 93, 98 (Mo.App.1981). Appellant made no objection prior to trial or during trial on competency grounds. Even as a matter of plain error we find the testimony of the six year old neither so deficient nor inconsistent as to render it impossible or devoid of probative force. *State v. Sigh*, 579 S.W.2d 657, 658 (Mo. App.1979). The testimony was clear and consistent with the decision of the Juvenile Court on the fact of an act of sodomy. This is true even though on other or subsequent events the testimony was not as clear. Absolute mental clarity or total unambiguous testimony is not required. *State v. Williams*, 545 S.W.2d 680, 681 (Mo.App.1976). Point denied.

Appellant also claims that an evidentiary hearing to determine competency must be held before accepting testimony of a child under ten years of age. He attacks § 491.060(2) RSMo Cum.Supp.1984, which withdraws the presumption of incompetency in certain cases, including the present case. He argues that children are inherently impressionable and their memories often assisted. This new statute became effective in 1984.

■■■ We reject this claim of error for several reasons. First it is an attempt to raise a constitutional issue that was not raised at the first opportunity and not raised at all in the trial court. *Hanch v. K.S.C. National Management Corp.*, 615 S.W.2d 28, 33 (Mo.banc 1981); *State ex rel Mayor, Etc. v. City of Pleasant Valley*, 453 S.W.2d 700, 708 (Mo.App.1970). Second, this is a court tried case and there was no compelling need to pre-qualify the witnesses before presentation of testimony to the court as the trier of fact. Third, there is no support in the record that the trial court did not apply the four factors relevant to determining competency of a child under ten years of age. *Patterson*, 569

S.W.2d at 269. Our review of the testimony indicates that the six year old witness had an understanding of his obligation to speak the truth; that he had the ability to observe and remember; sufficient mentality to recall the observations; and had capacity to translate into words the memory of observing appellant's conduct. The existence of § 491.060(2) RSMo.Cum.Supp. 1984 had no demonstrated effect in the present juvenile hearing.

The testimony evidence was sufficient to support the findings and judgment of the Juvenile Court and no error occurred, plain or otherwise, in accepting the testimony of the six year old who was alleged to have been the victim of appellant's acts.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.